Argued and submitted December 10, 1993, affirmed March 23, 1994

In the Matter of the Compensation of
Buck E. Johnson, Claimant.

Buck E. JOHNSON,
*Petitioner,*

*v.*

CAPITOL CAR WASH
and SAIF Corporation,
*Respondents.*

(91-15665; CA A78763)

871 P2d 473

Max Rae argued the cause and filed the brief for petitioner.

Steven Cotton, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in concluding that his benefits for permanent total disability should not be increased during the months when his attorney fees were being paid out of compensation. We agree with the Board's decision that no adjustment in benefits is authorized, and affirm.

While working for employer, claimant sustained a compensable injury for which he was awarded benefits for permanent total disability (PTD). The Board allowed claimant's attorney a fee of 25 percent, not to exceed $6,000, for his efforts in gaining the permanent total disability award. The fee was to be paid out of the award of compensation, pursuant to ORS 656.386(2). Claimant is receiving social security disability benefits that are less than his monthly benefits for PTD. The Department of Insurance and Finance (DIF) authorized SAIF to reduce the monthly PTD payment by the amount of claimant's monthly social security benefit, pursuant to ORS 656.209. It ordered that claimant's attorney fee of 25 percent be paid monthly from the remainder of PTD.

ORS 656.209(1) authorizes a reduction in PTD by the amount of federal social security disability benefits. It provides:

"With the authorization of the department, the amount of any permanent total disability benefits payable to an injured worker shall be reduced by the amount of any disability benefits the worker receives from federal social security.

"(a) If the benefit amount to which the worker is entitled pursuant to [ORS 656.001 to 656.794] exceeds the worker's federal disability benefit limitation determined pursuant to 42 U.S.C. 424(a), the reduction in worker's [sic] compensation benefits authorized by this subsection shall not be administered in such manner as to lower the amount the worker would have received pursuant to [ORS 656.001 to 656.794] had such reduction not been made.

"(b) If the benefit amount to which the worker is entitled pursuant to [ORS 656.001 to 656.794] is less than the worker's federal disability benefit limitation determined pursuant to 42 U.S.C. 424(a), the reduction in worker's [sic] compensation benefits authorized by this subsection shall not be administered in such manner as to lower the amount of combined

benefits the worker receives below the federal benefit limitation."

The parties agree that claimant's "federal disability benefit limitation" is $827.20. Pursuant to ORS 656.209(1)(b), claimant's combined benefits from social security disability and PTD may not be less than that amount.

Claimant's monthly benefit for PTD is $630.53. His monthly social security disability benefit is $620.60. DIF authorized SAIF to subtract $423.93 from claimant's permanent total disability benefits, leaving him with a monthly PTD benefit of $206.60, and combined benefits for PTD and social security of $827.20. DIF authorized claimant's attorney to receive 25 percent of $206.60 monthly as his fee. The Board affirmed DIF's calculation.

Claimant contends that the monthly deduction of attorney fees from claimant's monthly PTD amount of $206.60 has the effect of reducing claimant's "combined benefits" below the federal disability benefit limitation amount. He argues that his monthly benefits for PTD should be increased by the amount of his attorney fees, so that his net share of PTD *after* payment of attorney fees equals $206.60. Claimant is wrong. The amount that he pays his attorney pursuant to ORS 656.386(2) is from his monthly benefit, not in addition to it. His total benefit, including that amount that he must pay to his attorney, cannot fall below the federal benefit limitation. Authorizing claimant's attorney to receive 25 percent of $206.60 does not result in combined benefits below the federal limitation, because the amount of the attorney fee is included within the total benefits.

Claimant's calculation would make SAIF responsible for his attorney fees. There is no provision in ORS 656.209(1) for such an adjustment, and we reject it.[1] We conclude that the Board did not err in holding that claimant's compensation for PTD is not to be increased by the amount of his attorney fees.

Affirmed.

---

[1] Federal provisions on which claimant relies relating to the consideration of attorney fees in the reduction of social security disability benefits by the amount of a worker's workers' compensation benefits are not applicable or helpful. *See* 20 CFR § 404.408(d).