Argued and submitted December 13, 1994, affirmed July 26, 1995

In the Matter of the Compensation of
Marilyn K. McMasters, Claimant.

MOTEL 6
and CIGNA Insurance Companies,
*Petitioners,*

*v.*

Marilyn McMASTERS
and Motel 6,
*Respondents.*

(WCB 92-09365, 92-05850; CA A84163)

899 P2d 1212

Rodger M. Hepburn argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

W. D. Bates, Jr., argued the cause and filed the brief for respondent Marilyn McMasters.

Cynthia A. Wiens argued the cause for respondent Motel 6. On the brief were Adam T. Stamper and Cowling, Heysell, Plouse, Ingalls & Moore.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

CIGNA Insurance Company (CIGNA) seeks review of an order of the Workers' Compensation Board (Board) upholding claimant's aggravation claim. We affirm.

Claimant worked as a housekeeper for Motel 6 beginning in July 1989. In August 1989, she suffered a compensable injury to her right shoulder and low back. The claim was accepted by CIGNA, which was employer's insurer at the time. It was closed in October 1989 by a notice of closure that awarded claimant temporary disability. Claimant returned to her regular job. She continued to have back pain and the claim was reopened in November 1989. A second notice of closure was issued in January 1990, and claimant was awarded additional temporary disability.

In March 1991, claimant filed a claim against employer for strained muscles in her right shoulder and left chest. Alexsis, which was then employer's insurer, denied the claim on the ground that CIGNA was the responsible insurer under the 1989 accepted claim. Claimant did not seek a hearing, nor did she file a claim with CIGNA at that time. Claimant continued to work, but, in December 1991, she sought treatment from Dr. Marie for her shoulder problem. In February 1992, she was moving a bed when she felt a sharp pain in both of her shoulders. She sought treatment from Dr. Abraham, who diagnosed her condition to be acute thoracic muscle strain. Marie diagnosed a thoracic muscle spasm and took claimant off work.

On February 20, 1992, claimant filed a new injury claim with employer for that condition. On March 10, 1992, Alexsis, on behalf of employer, issued a denial of compensability and responsibility. Pursuant to ORS 656.802(2) and OAR 438-05-053(4), Alexsis advised claimant that it was denying the claim and that "[y]our current problems are due to a continuation of pre-existing conditions and your injury of August 19, 1989 processed by CIGNA." The notice stated:

"THIS IS A DENIAL OF YOUR CLAIM FOR BENEFITS. IF YOU THINK THIS DENIAL IS NOT RIGHT, YOU MUST DO TWO THINGS TO PROTECT YOUR RIGHTS:

"(1)  WITHIN 60 DAYS OF THE DATE OF THIS LETTER, YOU MUST REQUEST A HEARING. * * *

"(2) WITHIN 60 DAYS MAKE A WRITTEN CLAIM WITH THE EMPLOYER(S) OR INSURERS(S) LISTED IN THIS LETTER. IF IN 60 DAYS YOU DO NOT MAKE A CLAIM WITH AN EMPLOYER OR INSURER WHO IS LATER FOUND RESPONSIBLE FOR YOUR CONDITION, YOU WILL LOSE YOUR BENEFITS."

On April 28, 1992, claimant requested a hearing on the denial. However, claimant did not file an aggravation claim against CIGNA until June 3, 1992, 85 days after Alexsis's denial of the claim. CIGNA denied the aggravation claim on July 9, 1992.

Claimant sought review of both the denial of a new injury by Alexsis and the denial of the aggravation by CIGNA. A hearing on both claims was held on March 17, 1993. The referee found that the injury was an aggravation of claimant's 1989 injury and that CIGNA was responsible for the claim. However, the referee further concluded that because claimant had not filed her claim against CIGNA within 60 days of the notice from Alexsis, it was untimely and, therefore, barred under ORS 656.308(2). The Board reversed the referee on the issue of the timeliness of the aggravation claim, concluding that, under these circumstances, ORS 656.308(2) did not bar the aggravation claim. The Board held that claimant had established an aggravation claim against CIGNA and set aside the insurer's denial.

CIGNA assigns error to the Board's conclusion that claimant's aggravation claim against it was not time-barred by ORS 656.308(2). Before turning to the merits of that issue, however, we must first consider the effect on this case of the adoption of Senate Bill 369 in the 1995 legislative session. ORS 656.308(2), on which the Board relied in making its decision, was repealed by Section 37 of Senate Bill 369, and new language relating to the same subject was adopted.[1]

---

[1] ORS 656.308(2), as amended, provides, in part:

"(2)(a) Any insurer or self-insured employer who disputes responsibility for a claim shall so indicate in or as part of a denial otherwise meeting the requirements of ORS 656.262 issued in the 90 days allowed for processing of the claim. *The denial shall advise the worker to file separate, timely claims against other potentially responsible insurers or self-insured employers, including other insurers for the same employer, in order to protect the right to obtain benefits on the claim.* The denial may list the names and addresses of other insurers or self-insured employers. Such denials shall be final unless the worker files a timely

■■     As we held in *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), generally, the changes to the Workers' Compensation law made by SB 369 apply to cases in which the Board had not issued a final order or for which the time to appeal the Board's order had not expired on the effective date of the Act. If the case had been appealed, the new law would apply if the case was pending before the court on the effective date of the Act. This case was appealed and was pending before this court on the effective date of the Act.

■     As we said in *Volk*, however, there are exceptions to the retroactive effect of SB 369. One of those exceptions is pertinent here. Subsection (6) of section 66 of SB 369 provides:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act."

Because this case involves a procedural time limit, the changes made by SB 369 are not applicable here.

■     Accordingly, we review the Board's order under the version of the law in effect at the time of its decision. ORS 656.308(2) provided:

---

request for hearing pursuant to ORS 656.319. All such requests for hearing shall be consolidated into one proceeding.

"(b) No insurer or self-insured employer, including other insurers for the same employer, shall be joined to any workers' compensation hearing unless the worker has first filed a timely, written claim against that insurer or self-insured employer, or the insurer or self-insured employer has consented to issuance of an order designating a paying agent pursuant to ORS 656.307. An insurer or self-insured employer against whom a claim is filed may contend that responsibility lies with another insurer or self-insured employer, including another insurer for the same employer, regardless of whether the worker has filed a claim against that insurer or self-insured employer.

"(c) Upon written notice by an insurer or self-insured employer filed not more than 28 days or less than 14 days before the hearing, the Administrative Law Judge shall dismiss that party from the proceeding if the record does not contain substantial evidence to support a finding of responsibility against that party. The Administrative Law Judge shall decide such motions and inform the parties not less than seven days prior to the hearing, or postpone the hearing.

"(d) Notwithstanding ORS 656.382(2), 656.386 and 656.388, a *reasonable attorney fee* shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances." (Emphasis supplied.)

"(2) No employer or insurer shall be joined in any workers' compensation proceeding unless the worker has first filed a timely written claim for benefits against that employer or insurer, or the employer or insurer has consented to the issuance of an order designating a paying agent under ORS 656.307. Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease. *The worker shall have 60 days from the date of mailing of the notice to file a claim with such other employer or insurer.* Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection." (Emphasis supplied.)

CIGNA argues that the Board erred in concluding that claimant's claim against it was not time-barred under ORS 656.308(2). CIGNA contends that the claim was time-barred, because it was not filed within 60 days of Alexsis's notice to claimant, issued pursuant to ORS 656.308(2), that Alexsis was disclaiming responsibility for claimant's condition based on its determination that CIGNA was the responsible insurer.

The Board disagreed with CIGNA's reading of the statute. It explained:

"Subsequent to the Referee's order, we issued our decision in *Jon F. Wilson*, 45 Van Natta 2362 (1993). In *Wilson*, we held that failure to follow the requirements of ORS 656.308(2) precludes a *carrier* from arguing that another employment exposure caused a claimant's need for medical services. *See Byron E. Bayer*, 44 Van Natta 1686, 1687 (1992). However, we further concluded that the claimant's failure to file a claim against a carrier within 60 days of the second carrier's responsibility disclaimer did not preclude the *claimant* from asserting compensability against the first carrier. We concluded that ORS 656.308(2) addresses responsibility for a claim and does not pertain to compensability. Therefore, we held that the claimant in *Wilson* was not precluded from filing an occupational disease claim

against the first carrier, provided that the claimant timely complied with the requirements set forth in ORS 656.807(1) for the filing of such a claim. *Wilson, supra.*

"Although the present case does not involve an issue of an improper disclaimer by an insurer, we nonetheless extend the rationale expressed in *Wilson* to this case. As explained in *Wilson*, because ORS 656.308(2) pertains to responsibility, rather than compensability, we find no reason to preclude claimant from attempting to establish an aggravation claim with Cigna. Accordingly, we conclude that claimant's failure to comply with the 60 day time limit of the responsibility disclaimer statute does not bar claimant from proving compensability of her claim." (Emphasis in original.)

We begin our analysis of the meaning of the statute with its text and context. *PGE v. Bureau of Labor & Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). CIGNA relies on what it characterizes as the plain language of the statute. Specifically, it refers to the language of ORS 656.308(2) that provides that the worker shall have 60 days from the date of the mailing of the first insurer's disclaimer notice to file a claim against the second insurer. CIGNA reads that language to mean that a claimant who does not file a claim against the second insurer within 60 days is barred from bringing a claim against that insurer.

The problem with CIGNA's argument, however, is that the statute does not explicitly state that a failure to file against the second insurer in 60 days bars a claimant from filing a claim against that insurer. CIGNA's reading of the statute would have a substantial impact on a claimant's ability to file a claim for compensation. This case provides a good example of that. Under ORS 656.273(4), a claimant has five years after the first determination or first notice of closure to file an aggravation claim. CIGNA's reading of the statute would have the effect of substantially reducing the time period for filing an aggravation claim solely because one insurer has asserted that another insurer is the responsible party. If the legislature had intended to so drastically reduce the time for filing such a claim based on such an occurrence, we believe that it would have explicitly said so.

Reading the statute as a whole also supports the conclusion that failure to file a claim against the second insurer within 60 days of the notice does not bar the claim.

The language that follows the imposition of the 60-day requirement in ORS 656.308(2) reads:

> "Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection."

It would appear from this language that the purpose of ORS 656.308(2) was to allow an insurer to defend itself by contending that another insurer is responsible, regardless of whether the other insurer has been joined in the present proceeding.

We agree with the Board's conclusion that the 60-day time limit was not intended to bar a claim that is otherwise timely filed. Because there is no indication here that the aggravation claim against CIGNA was not otherwise timely, the Board correctly concluded that the claim was not time-barred.

Affirmed.