Argued and submitted June 15, affirmed July 26, 1995

In the Matter of the Compensation of
Jane A. Volk, Claimant.

Jane A. VOLK,
*Petitioner,*

*v.*

AMERICA WEST AIRLINES
and Travelers Insurance Co.,
*Respondents.*

(WCB 92-06678; CA A84509)

899 P2d 746

Donald M. Hooton argued the cause and filed the brief for petitioner.

Craig A. Staples argued the cause for respondents. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) holding that claimant's counsel is entitled to an attorney fee, but refusing to order insurer to pay the fees directly to the attorney. We affirm.

Claimant was awarded 20 percent unscheduled permanent disability by an October 23, 1991, determination order. Insurer paid the full amount of the award to claimant. Claimant subsequently requested reconsideration of the award. On June 9, 1992, an order on reconsideration was issued and claimant's award was reduced to 11 percent. Claimant then requested a hearing on the reconsideration order. Insurer sought to offset the overpaid compensation. Before a hearing was held on the matter, the parties entered into a stipulation that reinstated the award of 20 percent unscheduled disability. The parties also agreed to submit to the referee the question of claimant's counsel's entitlement to an attorney fee.

The referee concluded that because increased compensation was not awarded by the stipulation, claimant was not entitled to an out-of-compensation attorney fee. The Board disagreed with the referee's holding and concluded that claimant's attorney was instrumental in obtaining a "substantive increase" in her compensation and that her counsel was entitled to an out-of-compensation attorney fee pursuant to ORS 656.386(2).

The Board went on to conclude, relying on our decisions in *Johnson v. Capitol Car Wash*, 127 Or App 49, 871 P2d 473 (1994), and *Lebanon Plywood v. Seiber*, 113 Or App 651, 833 P2d 1367 (1992), that it was without statutory authority to order the insurer to pay claimant's attorney a fee in addition to the amounts that it had already paid to claimant. The Board reasoned that requiring insurer to pay the attorney fee to claimant's attorney, when the full amount of compensation due had already been paid to claimant, would essentially be ordering the insurer to pay additional compensation to which the claimant was not entitled. The Board then outlined a procedure for a claimant's attorney to recover a fee award in circumstances such as this. Under the Board's procedure, the attorney must first seek recovery of the fee

directly from the claimant. In the event that the attorney's efforts to recover the fee directly from claimant are unsuccessful, the Board concluded that the fee is a lien upon claimant's compensation under ORS 656.388(2) and OAR 438-15-010(3) and may be recovered from any future permanent disability awards granted on the claim. On May 24, 1994, the Board issued an order on reconsideration affirming its earlier decision.

■ Claimant assigns error to the Board's conclusion that it lacked authority to issue an order directing insurer to pay the approved attorney fees directly to claimant's counsel. Claimant argues that the Board's reliance on *Lebanon Plywood v. Seiber* and *Johnson v. Capitol Car Wash* was misplaced and that the Board abused its discretion in failing to apply the provisions of OAR 438-15-085(2).

■ Before turning to the merits, we must first consider the effect on this case of the adoption of Senate Bill 369 in the 1995 legislative session. ORS 656.386(2), which governs the award of attorney fees in this case, was amended to provide:

"In all other cases, attorney fees shall be paid from the increase in the claimant's compensation, if any, *except as otherwise expressly provided in this chapter*." Or Laws 1995, ch 332, § 43 (emphasis supplied).[1]

The first question that we must address is whether the above change in the law applies retroactively to this case. We conclude that it does. Section 66 of SB 369 provides, in part:

"(1) Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act."

There are a number of exceptions to the retroactive effect of SB 369. However, the only one that has potential application to this matter is subsection (5)(a) of section 66, which provides:

[1] Before the 1995 amendment, ORS 656.386(2) read:

"In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

"The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which an *order or decision has become final* on or before the effective date of this Act." (Emphasis supplied.)

■     The pertinent terms in the above subsection are "an order or decision [that] has become final." In interpreting a statute, our task is to discern the intent of the legislature. The critical question here is whether the legislature intended the new law to apply in a case such as this where the Board has taken its final action and the matter has been appealed to, but not finally resolved by, the courts.

Under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), in determining what the legislature meant, we must first examine the statute's text and context. The text of the new law does not provide an answer as to when an order or decision becomes final. However, the context does provide guidance. ORS 656.295(8) provides:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

Considered in the context of the above statute, we conclude that the legislature intended the changes in the law to apply to Board orders for which the time to appeal had not yet expired on the effective date of the Act or, if the case had been appealed, to any case that was still pending before the court on the effective date of the legislation.

Even if it could be said that the text and context of ORS 656.386(2) are not conclusive, the legislative history supports the same interpretation. *See PGE*, 317 Or at 612. As originally submitted, SB 369 did not include retroactivity language. However, before the Senate Committee on Labor and Government Operations, amendments making some portions of the bill retroactive were proposed as follows:

"*Section 66.*   (1)   Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act,

regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act.

"(2) The amendments to ORS 656.126, 656.204 and 656.265 by sections 10, 13 and 29 of this Act and the amendments to ORS 656.210(2)(a) by section 15 of this Act apply only to injuries occurring on or after the effective date of this Act.

"(3) Sections 8 and 9 of this Act and the amendments to ORS 656.054, 656.232 and 656.248 by sections 7, 23 and 26 of this Act become operative January 1, 1996.

"(4) The amendments to ORS 656.268(4), (5), (6) and (9), 656.319(4) and 656.726(2)(f) by sections 30, 39 and 55 of this Act shall apply only to claims that become medically stationary on or after the effective date of this Act." Senate Bill File, Senate Committee on Labor and Government Operations, SB 369, February 21, 1995, SB 369-13 (LC 1477), pp 54-55. *See also* Minutes, Senate Committee on Labor and Government Operations, SB 369, February 17, 1995, p 1 and Exs F & G.

In discussing the proposed amendments before the committee, Representative Mannix, a sponsor of the legislation, stated:

"And the other section that needs to be discussed, I think, in terms of changes, is what is the effective date clause; we had an emergency clause but we weren't clear about when things were becoming effective. This is now section 66 in the LC amendments. This specifies the effective date plus operative dates for different provisions. It's been gone over pretty carefully to make sure that new things that require appeals processes as to claim closure don't go into effect except for claims that are medically stationary after July 1st. A lot of the requirements imposed on the Department are delayed until January 1st of '96 so they'll have time to promulgate the rules. [We] tried to build in some time frames for implementation, but the rest of it's fairly clear. There's only one part of the implementation dates, I think, probably needs a real flat statement on the record and that is that the *retroactivity also applies to cases in which a final order has not yet issued in litigation. There's a bunch of cases in the system right now that have been decided by different factfinders under two or three different versions of the law depending on whether the Board interpretation or the Court of Appeal's interpretation or the Supreme Court interpretation was in*

*effect at that time and this says 'this law applies to everything no matter where it is unless you have already been to court, had it decided and there's a decision been rendered and the decision is not subject to being appealed anymore.' Otherwise, except with the exceptions here, this is the law for everybody and we'll go out and apply it whether it's pro-worker or pro-employer.*" Tape recording, Senate Committee on Labor and Government Operations, SB 369, February 17, 1995, Tape 49, Side B at 187 (emphasis supplied).

The amendments were passed out of committee and eventually approved by the Senate in substantially the same form.

A number of amendments relating to the retroactivity language were proposed before the House Committee on Labor as it considered SB 369. On March 22, 1995, the following amendments to section 66 of the A-Engrossed version of SB 369, along with other "technical" amendments, were proposed:

"(5)   The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which an order or decision has become final on or before the effective date of this Act.

"(6)   The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act.

"(7)   The amendments to ORS 656.506 by sections 63 of this Act first become operative October 1, 1995." Testimony, House Committee on Labor, SB 369, March 22, 1995, Ex A, pp 67-68.

Representative Mannix discussed the proposed changes during a work session of the Committee. He stated:

"[T]he amendment sub-5 will be 'the amendments to this chapter do not apply to any matter for which an order or decision has become final as of the date of passage of this Act' — *the old concept of res judicata; you litigate it, it's over, we're not going back and reopening litigation.*

"* * * * *

"We did make a change at line 14, this is effective upon passage, not July 1, 1995. It's operative as to certain provisions on July 1, '95 and it's operative as to other provisions

on January 1, '96, but it's effective on passage." Tape recording, House Committee on Labor, SB 369, March 22, 1995, Tape 62, Side B at 383 (emphasis supplied).

The House Committee adopted the proposed amendments, Minutes, House Committee on Labor, SB 369, February 22, 1995, pp 7-8, and the bill, as amended, was approved by the House.

The Senate refused to concur in the House amendments. In conference committee, the following amendments relating to retroactivity were proposed and added to section 66:

"[(5)](b) Notwithstanding paragraph (a) of this subsection, the amendments to ORS 656.262(6) creating new paragraph (c) and the amendments to the subsection designated (10) by section 28 of this Act apply to all claims without regard to any previous order or closure.

"* * * * *

"(8) The amendments to ORS 656.313 by section 38a of this Act apply to orders issued on or after January 1, 2001.

"(9) The amendments to ORS 656.340 by section 42a of this Act apply to claims for injuries or aggravations made on or after January 1, 2001.

"(10) The amendments to ORS 656.212 by section 16a of this Act apply to all claims regardless of the date of injury for benefits payable on or after January 1, 2001.

"(11) The amendments to ORS 656.726 by section 55a of this Act apply to claims that become medically stationary on or after January 1, 2001.

"(12) The amendments to ORS 656.012 and 656.018 by sections 4a and 5a of this Act apply to all claims or causes of action arising on or after January 1, 2001.

"(13) The amendments to ORS 656.245 and 656.260 by sections 25a and 27a of this Act apply to medical services provided on or after January 1, 2001." Senate Bill File, Conference Committee, SB 369, May 30, 1995, SB 369-B33 (LC 1477), pp 166-68.

The Senate and House then repassed the bill as amended.

■ Based on the text and context of the statute and the above legislative history, we conclude that the legislature's intent in subsection (5)(a) of section 66 was to make the new

law applicable to matters for which the time to appeal the Board's decision had not expired or, if appealed, had not been finally resolved by the courts. In this case, because review of the Board's order was sought, but was not finally resolved by the courts at the time of the effective date of the Act, the amended version of the statutes is applicable.

■    As noted above, ORS 656.386(2) now provides that attorney fees "shall be paid from the increase in the claimant's compensation, if any, *except as otherwise expressly provided in this chapter.*" (Emphasis supplied.) This amended language makes it clear that it is not permissible to require that "out-of-compensation" attorney fees be paid from any other source than the claimant's compensation, unless the statutes *expressly* provide otherwise. Accordingly, the Board was correct in refusing to order insurer to pay claimant's attorney directly where the full amount of compensation due had already been paid to claimant, because the statutes do not provide special authority to do so. As a result of that change in the law, it is not necessary to consider whether the Board's reliance on *Johnson v. Capitol Car Wash* and *Lebanon Plywood v. Seiber* was correct. Similarly, it is unnecessary to consider claimant's argument relating to the application of OAR 438-15-085(2).

Affirmed.