Argued and submitted April 10, reversed and remanded for reconsideration
September 6, 1995

In the Matter of the Compensation of
Kelly O. Sullivan, Claimant.

Kelly O. SULLIVAN,
*Petitioner,*

*v.*

SEARS, ROEBUCK & CO.
and Kemper Insurance Co.,
*Respondents.*

(WCB 93-02652; CA A86267)

902 P2d 116

Robert F. Webber argued the cause for petitioner. With him on the brief was Black, Chapman, Webber & Stevens.

Marjie G. Masters argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Edmonds and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in affirming the referee's order upholding employer's denial of his aggravation claim.

Claimant injured his low back in 1986 while working for employer as an appliance repairman. He was treated conservatively without much benefit and continued to suffer left low back and leg pain. The claim was closed on September 14, 1987, by a determination order. At the time of closure, claimant's range of motion was reported to be more or less normal, and the determination order awarded no permanent partial disability.

Claimant continued to experience flare-ups of pain above his pain base line over the next several years. On August 6, 1992, claimant was seen by Dr. Purtzer, a neurosurgeon. Purtzer reported that claimant had a 50 percent reduction of normal range of motion in his low back. Claimant contends that Purtzer's comments concerning range of motion show that his condition had worsened and that Purtzer's report is an aggravation claim. Employer denied the aggravation claim; the Board upheld the denial on the ground that Purtzer's report did not establish a "prima facie case" for aggravation.

Thereafter the legislature amended ORS 656.273(3). Or Laws 1995, ch 332, § 31. That section now provides:

"A claim for aggravation must be in writing in a form and format prescribed by the director and signed by the worker or the worker's representative. The claim for aggravation must be accompanied by the attending physician's report establishing by written medical evidence supported by objective findings that the claimant has suffered a worsened condition *attributable to the compensable injury.*" (Emphasis supplied.)

The amendment is applicable to this case. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). Accordingly, we remand the case to the Board for reconsideration in light of ORS 656.273 as amended.

Reversed and remanded for reconsideration.