Argued and submitted May 19, reversed and remanded for reconsideration
October 11, 1995

In the Matter of the Compensation of
Sherry A. Young, Claimant.

Sherry A. YOUNG,
*Petitioner,*

*v.*

SAIF CORPORATION
and Sunnyside Care Center,
*Respondents.*

(WCB 91-12999; CA A82555)

903 P2d 419

Michael D. Callahan argued the cause for petitioner. With him on the brief was Callahan and Stevens.

David L. Runner, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board. We reverse and remand.

Claimant requested authorization for low back surgery. SAIF, her employer's insurer, referred the request to the director of the Department of Consumer and Business Services for approval. The director concluded that the requested surgery was inappropriate. Claimant requested a hearing on the director's order. The referee held that the surgery was appropriate and awarded claimant an attorney fee under ORS 656.386(1) for prevailing on the issue. SAIF requested Board review of the referee's order. While that review was pending, the director issued a second order, in which he held that the proposed surgery was appropriate and ordered SAIF to provide reimbursement for the surgery. That order was not appealed.

The Board then vacated the referee's order concerning the first request for surgery. It concluded that the medical services dispute was moot, because the director had subsequently found the surgery to be appropriate and had ordered SAIF to pay for it. The Board further held that, even if the medical services dispute was not moot, and even if it were to determine that the original request for surgery should have been granted, it would nonetheless deny an award of attorney fees under ORS 656.386(1).

Claimant seeks review. She challenges the Board's determination that the medical services dispute is moot, as well as the denial of her request for attorney fees under ORS 656.386(1). At this juncture it is apparent that the only "live" issue in this case is claimant's entitlement to attorney fees under ORS 656.386(1). A Board determination that the original request for surgery should have been approved could no longer affect claimant's ability to obtain surgery; that has been resolved by the second director's order.

ORS 656.386(1) was amended by the 1995 legislature. Or Laws 1995, ch 332, § 43. The amendments took effect on June 7, 1995, and apply to cases pending before this court on that date. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). Accordingly, we remand for the

Board to reconsider attorney fees in light of the 1995 amendments.

Reversed and remanded for reconsideration.