Submitted on record and briefs December 8, 1995, reversed and remanded with instructions January 17, 1996

In the Matter of the Compensation of
Preston E. Jones, Claimant.

Preston E. JONES,
*Petitioner,*

*v.*

QUIMBY TRUCKING
and SAIF Corporation,
*Respondents.*

(WCB 91-13579; CA A79747)

909 P2d 895

James L. Edmunson filed the brief for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Steve Cotton, Special Assistant Attorney General, filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board denying his request for a hearing on the ground that it lacked jurisdiction to hear the case. We remand for reconsideration by the Director.

Claimant suffered a compensable injury to his back in 1986. In 1991, his attending physician, Dr. Flanagan, asked SAIF to approve palliative care for claimant. SAIF refused to approve the treatment. Flanagan then requested the medical director of the Department of Consumer and Business Services (Department)[1] to approve the treatment. The medical director concluded that the treatment should not be allowed. Claimant then asked the Director of the Department to review the matter. The Director refused to do so on the ground that only the attending physician may request review by the Director. Claimant then requested a hearing before the Board's hearings division. The referee held that the hearings division did not have jurisdiction over noncompensable palliative care disputes and dismissed claimant's request for hearing. The Board affirmed the referee's order.

Claimant seeks review of the Board's order. He first argues that, during the pendency of this petition for judicial review, the pertinent statute was amended to allow a claimant to request the Director to review a dispute involving noncompensable palliative care. ORS 656.245(1)(c)(J). Accordingly, he requests that we remand the case to the Director for reconsideration under the new law.

We agree with claimant's argument, as does SAIF. The new version of the statutes clearly is applicable here. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). Because claimant was not given the procedural protections to which he is now entitled under the amended statutes, we remand the case to the Board to remand to the Director for reconsideration.

Reversed and remanded to the Workers' Compensation Board with instructions to remand to the Director for reconsideration.

---

[1] At that time, the agency was known as the Department of Insurance and Finance.