Argued and submitted December 8, 1995, reversed and remanded February 7, 1996

In the Matter of the Compensation of
John F. Cassidy, Claimant.
## ALBERTSONS, INC.,
*Petitioner,*

*v.*

## John F. CASSIDY
and Fred Meyer, Inc.,
*Respondents.*

(93-00760, 93-07111, 93-00761, 93-07110; CA A86481)

910 P2d 1149

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the brief was Meyers, Radler, Replogle & Bohy.

John Hogan argued the cause for respondent John F. Cassidy. On the brief was Donald M. Hooton.

Priscilla M. Taylor argued the cause and filed the brief for respondent Fred Meyer, Inc.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Petitioner Albertsons, Inc., seeks review of an order of the Workers' Compensation Board that determined that Albertsons, and not respondent Fred Meyer, Inc., was responsible for claimant's low back injury. Central to the parties' dispute is the question of whether Albertsons' "backup" denial was effective and, particularly, whether Albertsons proved that the claim was not compensable. ORS 656.262(6).

The pertinent portions of the Board's order stated:

"ORS 656.262(6) requires that a 'backup' denial be based on 'later obtain[ed] evidence' that a claim is not compensable. In addition, if the claimant requests a hearing on the 'backup' denial, the denying carrier must prove by 'clear and convincing' evidence that 'the claim is not compensable.' ORS 656.262(6). Here, in order to meet that burden, [Albertsons] must prove, by clear and convincing evidence, that the November 29, 1992 injury was not the major contributing cause to claimant's disability or need for treatment.

"Having reviewed the evidence, we conclude that [Albertsons] has failed to prove by clear and convincing evidence that claimant did not sustain a compensable injury on November 29, 1992. Accordingly, we find it unnecessary to determine whether [Albertsons'] denial is based on 'later obtain[ed] evidence.'" (Citations omitted.)

When the Board issued its order in October 1994, ORS 656.262(6) provided, in part:

"[I]f the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, at any time up to two years from the date of claim acceptance, may revoke the claim acceptance and issue a formal notice of claim denial. However, if the worker requests a hearing on such denial, the insurer or self-insured employer must *prove by clear and convincing evidence that the claim is not compensable or that the paying agent is not responsible for the claim.*" (Emphasis supplied.)

However, in 1995, ORS 656.262(6)(a) was amended to read, in part:

"If the insurer or self-insured employer accepts a claim in good faith, in a case not involving fraud, misrepresentation, or other illegal activity by the worker, and later obtains evidence that the claim is not compensable or evidence that the insurer or self-insured employer is not responsible for the claim, the insurer or self-insured employer may revoke the claim acceptance and issue a formal notice of claim denial, if such revocation of acceptance and denial is issued no later than two years after the date of initial acceptance. If the worker requests a hearing on such revocation or acceptance and denial, the insurer or self-insured employer must *prove, by a preponderance of the evidence, that the claim is not compensable or that the employer or self-insured employer is not responsible for the claim."* ORS 656.262(6)(a) (emphasis supplied).

Thus, the 1995 amendment modified the evidentiary standard under ORS 656.262(6). That amendment, which is not specifically excepted from the omnibus retroactivity provision of the 1995 workers' compensation legislation, applies to this case. *See generally Volk v. America West Airlines,* 135 Or App 565, 899 P2d 746 (1995). We reverse and remand for the Board to reconsider the effectiveness of Albertsons' "backup" denial in the light of the amended ORS 656.262(6)(a).

Reversed and remanded.