Submitted on record and briefs January 29, remanded for reconsideration
March 6, 1996

In the Matter of the Compensation of
Danny B. Conner, Claimant.

Danny B. CONNER,
*Petitioner,*

*v.*

CONNECTICUT INDEMNITY CO.
and The Dalles Disposal Service, Inc.,
*Respondents.*

(WCB 94-01980; CA A88344)

912 P2d 413

James L. Edmunson and Paul K. Hoffman filed the brief for petitioner.

Howard R. Nielsen filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding insurer's denial of his degenerative disc disease. We remand the case for reconsideration in the light of recent statutory changes.

The record shows that claimant has a preexisting degenerative disc disease. In January 1993, claimant suffered a lumbar strain as a result of a work-related accident, and he has had constant back pain since that time. He was confined to bed for the first 30 days after the injury and was then treated conservatively with physical therapy and medications. After several months, he was released to light duty work. He became medically stationary on October 28, 1993, but continues to suffer low back pain. All doctors agree that claimant's lumbar strain has resolved but that he remains severely impaired. He has reduced lumbar ranges of motion and an inability to use his back repetitively. Dr. Parsons, a consulting neurosurgeon, said that claimant's primary diagnosis is degenerative disc disease. In his report of November 1, 1993, he said that claimant had sustained a lumbar strain as a result of his injury, that he had become medically stationary, and that he is now experiencing symptoms of the preexisting degenerative condition.

On January 7, 1994, as a result of Parsons' opinion, insurer denied the compensability of and responsibility for claimant's degenerative lumbar disc disease:

> "We have received a report from Dr. Parsons in which he indicates that you have recovered from your industrial strain of January 14, 1993.

> "Dr. Parsons also indicated that in addition to the accepted lumbar strain you have degenerative lumbar disc disease, and your current permanent restrictions and impairments are related to this disease process rather than to our [sic] industrial strain.

> "Therefore, at this time, we must respectfully deny any compensability or responsibility for your degenerative lumbar disc disease being a result of the industrial injury of January 14, 1993, or arising out of, or in the course and scope of, your employment at The Dallas [sic] Disposal.

"This is a partial denial only and in no way affects the benefits afforded to you for the accepted strain portion of this claim."

On April 18, 1994, just before the hearing, Parsons authored another report in which he concluded that, although claimant's work injury was the major contributing cause of the onset of the symptoms of his degenerative disc disease, "[i]t cannot be determined whether [claimant] would be experiencing low back pain at this time from his degenerative disc disease even if he had not sustained the injury on January 14, 1993." Parsons was the only physician to address the issue of major contributing cause.

The administrative law judge found that claimant had established, by a preponderance of the evidence, that the compensable injury "combined with claimant's preexisting degenerative lumbar disc disease and that the resultant condition remains the major contributing cause of his current disability." The Board found that the work injury was the major contributing cause of the onset of symptoms of the degenerative disc disease but that the evidence did not support a finding that the industrial injury continued to be the major contributing cause of the degenerative disc disease being symptomatic after April 18, 1994. The Board held, accordingly, that claimant had carried his burden of proving the compensability of his need for treatment and disability only through April 18, 1994. It set aside the insurer's denial to that extent.

Both parties agree that this case is governed by ORS 656.005(7)(a)(B). We have considered and reject without discussion claimant's contention that the Board incorrectly considered whether claimant's condition after April 18, 1994, is related to his compensable injury. The case must be remanded, however. In 1995, the legislature amended and enacted provisions that potentially affect the Board's determination of the compensability of claimant's degenerative condition. ORS 656.005(7)(a)(B); ORS 656.005(24). The amendments are applicable here. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). We remand the case to the Board for reconsideration of its order in the light of the 1995 legislation.

Remanded for reconsideration in the light of 1995 amendments to ORS 656.005(7)(a)(B) and the enactment of ORS 656.005(24).