941 P.2d 1030 (1997)
148 Or. App. 484
In the Matter of the Compensation of Jon O. Norstadt, Claimant.
Jon O. NORSTADT, Petitioner,
v.
MURPHY PLYWOOD/LIBERTY NORTHWEST INSURANCE CORPORATION; Douglas County Forest Products/Liberty Northwest Insurance Corporation; Parkway Ford/Liberty Northwest Insurance Corporation; Huffman & Wright/Liberty Northwest Insurance Corporation; and Able Temporary/Health Future Enterprises, Respondents.
94-10782, 94-10781, 94-10773, 94-10774, 94-05124; CA A93457.
Court of Appeals of Oregon.
Argued and Submitted January 22, 1997.
Decided June 18, 1997.
*1031 Thomas Cary, Eugene, argued the cause for petitioner. With him on the brief was Coons, Cole, Cary & Wing, P.C.
Brian L. Pocock argued the cause and filed the brief for respondent Murphy Plywood/Liberty Northwest Insurance Corporation.
David O. Wilson argued the cause and filed the brief for respondents Douglas County Forest Products/Liberty Northwest Insurance Corporation and Parkway Ford/Liberty Northwest Insurance Corporation.
Patricia Nielsen, Salem, argued the cause for Huffman & Wright/Liberty Northwest Insurance Corporation. With her on the brief was Mannix, Nielsen & Crawford, P.C.
Adam Stamper, Medford, filed the brief for respondent Able Temporary/Health Future Enterprises.
Before RIGGS, P.J., and LANDAU and LEESON, JJ.
LEESON, Judge.
Claimant seeks review of an order of the Workers' Compensation Board determining that his bilateral hearing loss is compensable but that the loss is not the responsibility of any of the employers joined in this proceeding.[1] We reverse and remand.
Claimant has had multiple employers over the years, most of whom were in the forest products industry. Claimant worked for Huffman & Wright cutting lumber from December 1985 to January 1986. Claimant first sought treatment for his compensable hearing loss in October 1986, while he was working for Douglas County Forest Products (DCFP), then insured by Lumbermen's Underwriting Alliance (DCFP/LUA). Claimant did not seek workers' compensation benefits for his condition at that time, however, because he was not aware that the condition was work related. In subsequent years, claimant worked for many employers, including all of those listed as respondents to this petition. He had a second period of employment with DCFP, from October 16, 1991, to March 16, 1992, when DCFP was insured by Liberty Northwest (DCFP/LN.) All of the employers remaining as parties to this petition, see note 1, were insured by Liberty Northwest as their insurer at the relevant times, and when we refer to them collectively, we refer to them as the "Liberty employers."
In 1993, claimant learned that his hearing loss was work related. He filed claims against each of his former employers. Substantial evidence supports the Board's findings that the hearing loss is work related and that, under the last injurious exposure rule, presumptive responsibility for claimant's hearing loss should rest with DCFP/ LUA, because claimant first sought treatment for the condition while employed there in 1986. Timm v. Maley, 125 Or.App. 396, 400-01, 865 P.2d 1315 (1993). The Board found, however, that although claimant filed a claim against DCFP, "claimant apparently did not file a claim against [DCFP/LUA] and it was not a party to the hearing." Therefore, claimant's claim against DCFP related only to his second period of employment, when DCFP was insured by Liberty. The Board also found that claimant had waived his claim against DCFP/LUA and "chose to pursue his claim" against his earlier and subsequent employers and was entitled to compensation only if the evidence established that responsibility could be shifted to a subsequent or preceding period of employment. Substantial evidence supports the Board's findings that DCFP/LUA is not a party to this proceeding and that the earlier and later periods of employment with DCFP did not independently contribute to claimant's condition.
The essence of claimant's argument is that, having asserted his claim against DCFP, he has satisfied his statutory obligation with *1032 regard to his entire employment with that employer, including the period during which DCFP was insured by Lumbermen's. Consequently, the question of which insurer must pay his benefits, Liberty or Lumbermen's, is not his concern. The dissenting Board member agreed with claimant that the filing of a claim against DCFP satisfied claimant's obligation with respect to each insurer of DCFP. As the dissenting Board member said:
"A claimant's claim is with the employer, not with any particular carrier. A claimant is required to give notice of the occupational disease claim to the employer. See ORS 656.265; ORS 656.807."
That view is consistent with the Supreme Court's decision in Runft v. SAIF, 303 Or. 493, 739 P.2d 12 (1987). Relying on administrative rules of the Department of Consumer and Business Services (Department), the court held that when an insurer discovers that its insured and another employer are involved in an occupational disease claim that could have resulted from exposure at either or both places of employment, the insurer must join the other employer by a procedure that is equivalent to a claim against that later employer. The failure of the insurer in Runft to do so prevented it from using the last injurious exposure rule to avoid responsibility for payment of a claim. Id. at 504, 739 P.2d 12.
The Department responded immediately to the Supreme Court's opinion in Runft with new procedures and forms for insurers and employers to complete when other insurers or employers were believed to be involved in a claim. Then, in 1990, the legislature enacted what became codified as ORS 656.308(2), which provides:
"No employer or insurer shall be joined in any workers' compensation proceeding unless the worker has first filed a timely written claim for benefits against that employer or insurer, or the employer or insurer has consented to the issuance of an order designating a paying agent under ORS 656.307. Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease. The worker shall have 60 days from the date of mailing of the notice to file a claim with such other employer or insurer. Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection."
(Emphasis supplied.) ORS 656.308(2) (1990) was the legislature's response to the issue of joinder of multiple employers and insurers. It provides that, to join an "employer or insurer," the worker must file a claim against "that employer or insurer." The language of the statute makes it clear that claims must be filed against each employer and insurer and that the filing of a claim against an employer does not join each of the employer's insurers. The 1990 version of ORS 656.308(2) also requires that the employer or insurer who intends to argue that another employer or insurer is responsible issue a notice of disclaimer. That notice must contain a list of employers or insurers that the disclaiming party believes to be responsible for the claim and must be issued within 30 days of notice of the claim. The claimant then has 60 days from the notice of disclaimer to file a claim against the named employers or insurers. The statute prohibits reliance on the lack of responsibility as a defense if the insurer or employer does not comply with the disclaimer process.
In 1995, the legislature made extensive amendments to ORS 656.308, including elimination of the requirement that an employer or insurer issue a responsibility disclaimer. ORS 656.308(2) (1995) now provides, as relevant:
"(a) Any insurer or self-insured employer who disputes responsibility for a claim shall so indicate in or as part of a denial otherwise meeting the requirements of *1033 ORS 656.262 issued in the 90 days allowed for processing of the claim. The denial shall advise the worker to file separate, timely claims against other potentially responsible insurers or self-insured employers, including other insurers for the same employer, in order to protect the right to obtain benefits on the claim. The denial may list the names and addresses of other insurers or self-insured employers. * * *
"(b) No insurer or self-insured employer, including other insurers for the same employer, shall be joined to any workers' compensation hearing unless the worker has first filed a timely, written claim against that insurer or self-insured employer, or the insurer or self-insured employer has consented to issuance of an order designating a paying agent pursuant to ORS 656.307. An insurer or self-insured employer against whom a claim is filed may contend that responsibility lies with another insurer or self-insured employer, including another insurer for the same employer, regardless of whether the worker has filed a claim against that insurer or self-insured employer."
(Emphasis supplied.) The amendments eliminate the requirement for the issuance of a disclaimer and also expressly provide that the period for denying responsibility is 90 days from the date of knowledge of the claim. The statute retains the requirement that a claim be filed against each employer or insurer before the employer or insurer can be joined in a hearing.
Claimant contends that the 1990 version of ORS 656.308(2) applies in this case and that the Liberty employers are precluded from asserting that another employer is responsible because they did not comply with the disclaimer requirement. The Liberty employers reply that the 1995 version of the statute is to be applied retroactively, that a disclaimer is no longer required and, consequently, that their failure to disclaim responsibility does not prevent them from asserting their lack of responsibility for the claim.
We addressed the retroactivity of the 1995 amendments to ORS 656.308(2) in Motel 6 v. McMasters, 135 Or.App. 583, 899 P.2d 1212 (1995). The claimant had worked for Motel 6 for a time during which the employer had had two different workers' compensation carriers. The claimant was compensably injured when Motel 6 was insured by CIGNA. Her claim was closed with an award of benefits. After the employer became insured by Alexsis, the claimant experienced another injury for which she filed a claim with Alexsis. Pursuant to ORS 656.308(2) (1990), Alexsis denied the claim and notified the claimant that it believed that her injury was the responsibility of CIGNA. The claimant requested a hearing on the denial, but did not file a claim against CIGNA until 85 days after Alexsis had denied the claim. A referee concluded that because the claimant had not filed her claim with CIGNA within 60 days of the notice from Alexsis, as required by the 1990 version of ORS 656.308(2), the claim was untimely. The Board reversed the referee and held that the claim was not time barred. On review, before considering the merits of CIGNA's petition for review, we first considered the effect of the 1995 amendments to ORS 656.308(2). Citing Volk v. America West Airlines, 135 Or.App. 565, 899 P.2d 746 (1995), we noted that, generally, changes made to the Workers' Compensation Law by Oregon Laws 1995, chapter 332, are applicable to all cases in which a final decision has not issued on the effective date of the act. Or.Laws 1995, ch. 332, § 66. We also noted an exception to that general requirement:
"`The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act.'
"Because this case involves a procedural time limit, the changes made by SB 369 are not applicable here."
McMasters, 135 Or.App. at 587, 899 P.2d 1212 (emphasis supplied). The retroactive elimination of the disclaimer requirement eliminated one procedural time limitation and altered the time limitation for the filing of a claim. Neither change affected the outcome in McMasters. Nonetheless, we held that the 1995 amendments to ORS 656.308(2) *1034 would not be applied retroactively because they "involve[ ] a procedural time limit." Id.
This case demonstrates our holding in McMasters. The amendments to ORS 656.308(2) eliminate procedural time deadlines for the filing of a disclaimer and alter time deadlines for the filing of a claim against an employer listed in a disclaimer, thereby subjecting a claimant who intends to file a claim with another employer to the different time frames set forth in ORS 656.807 with regard to occupational disease claims and ORS 656.265 with regard to injury claims. The amendments have the effect of shortening the time limitation period for the filing of a claim for injury from 60 days from the date of the notice of disclaimer to 30 days from the date of injury. ORS 656.265(1) (1990).[2] Additionally, application of the 1995 version of ORS 656.308(2) here would give an employer who failed to disclaim responsibility under the 1990 version of the statute a second chance to deny responsibility. Neither the statute nor its legislative history manifests such an intention. The legislative history clarifies that the changes were not intended to provide new time frames for acts that should have been taken before passage of the amendments. Representative Mannix testified before the House Committee on Labor:
"Sub. (6): The amendments to this chapter do not extend or shorten the procedural litigation time frames which began running before the date of passage of this Act. That is, if you had a time frame that was run or running, we're not trying to let anyone slip into the tent or let anyone slip out of the tent based on time frames that they already relied upon. If there was a time frame relied upon, we leave that alone. After the date of passage of this Act, if there's new time frames, those will apply, but not time frames from before the passage of this Act."
Tape recording, House Committee on Labor, March 22, 1995, Tape 62, Side B at 466-79 (emphasis supplied). The 1995 amendments to ORS 656.308(2) eliminating the process for disclaimer also eliminate old time frames and substitute new time frames. Although the elimination of the disclaimer requirement itself neither shortens nor lengthens the requirement for disclaimer, the amendments touch on multiple time limitations. Consequently, ORS 656.308(2) (1995) does not apply retroactively.
Nonetheless, the Liberty employers contend that the 1990 version of ORS 656.308(2) does not apply because that subsection is applicable only if there is an accepted claim pursuant to ORS 656.308(1) (1990).[3] We disagree. The entire statute was enacted by the legislature in 1990. Or.Laws 1990, ch. 2, § 49. Although subsection (1) is limited to claims involving previously processed claims, the language of subsection (2) unambiguously applies to all cases in which an employer or insurer intends to deny responsibility. The first sentence of subsection (2) refers to "any workers' compensation proceeding." The second sentence of subsection (2), which sets forth the requirements at issue in this case, refers to "any employer or insurer which intends to disclaim responsibility for a given injury or disease claim." Subsection (2), by its terms, is not limited to disclaimers of claims or injuries subject to subsection (1). *1035 We conclude that subsection (2) functions independently of subsection (1) and that it is applicable here.
Parkway Ford's disclaimer of responsibility in this case did not comply with ORS 656.308(2) (1990) because it was not issued for six months after Parkway Ford had been notified of the claim. DCFP/LN's disclaimer was defective in that it failed to list DCFP/ LUA as a potentially responsible insurer. Murphy Plywood failed to deny the claim or disclaim responsibility at all.
Claimant cites several orders of the Board holding that an insurer's failure to comply with the requirements of ORS 656.308(2) (1990) relieves a claimant of the obligation of filing a claim against a prior employer and also precludes the disclaiming employer from arguing that a prior employer is responsible for the claim. In Wayne D. Helgerson, 45 Van Natta 1800 (1993), for example, the Board said:
"ORS 656.308(2) provides that any carrier which intends to disclaim the responsibility on the basis of an exposure with another carrier must specify in its disclaimer of responsibility which carrier is allegedly responsible; and only then must the claimant file a claim with such other insurer."
See also Jon F. Wilson, 45 Van Natta 2362 (1993). In Donald A. James, 46 Van Natta 1898 (1994), the Board affirmed an assignment of responsibility for a hearing loss claim to an insurer that had failed to timely issue a disclaimer of responsibility. The claimant in that case chose to dismiss the other insurers because he knew that CIGNA, the improperly disclaiming insurer, would not be permitted to deny responsibility. The other insurers had denied responsibility. CIGNA argued that the claimant was not prejudiced by its untimely disclaimer of responsibility because all potentially responsible insurers had been joined as parties to the proceeding. The Board rejected CIGNA's argument:
"The statutory language is clear. * * * [It] allows a responsibility defense if an insurer issues a timely disclaimer even if the claimant has not actually filed claims against other insurers. It follows that an insurer which does not comply with the disclaimer requirements is precluded from asserting a responsibility defense. Under ORS 656.308(2), prejudice to the claimant is not relevant to the analysis."
(Emphasis supplied.) The Board held that if an employer or insurer fails to comply with the disclaimer requirements, it may not assert as a defense that actual responsibility for the claimant's disability lies with another insurer or employer. The Board noted that the claimant chose not to pursue a claim against another insurer, but that the claimant had no obligation to join any prior employers or insurers when the carrier with whom the claimant did file the claim had failed to meet the requirements of ORS 656.308(2) (1990). See also Rachel J. Dressler-Iesalnieks, 45 Van Natta 1792 (1993); Byron E. Bayer, 44 Van Natta 1686 (1992); Rene G. Gonzalez, 44 Van Natta 2483 (1992).
The foregoing cases illustrate that, under the Board's interpretation of ORS 656.308(2) (1990), an insurer that does not comply with the disclaimer requirement loses the defense of responsibility. Although that analysis is correct, it was not applied by the Board in this case. Claimant's claim has been declared compensable and because they did not properly disclaim responsibility, each of the Liberty employers is precluded from asserting responsibility as a defense. The only question is which employer must pay. Claimant should not bear the burden of choosing which of his former employers should pay his benefits when each is potentially responsible for the claim. We remand to the Board to determine in the first instance how responsibility should be assigned in this case among Murphy Plywood, DCFP/LN and Parkway Ford.
Reversed and remanded for reconsideration.
NOTES
[1] The respondents involved in this petition, referred to collectively as the Liberty employers, are Murphy Plywood, Douglas County Forest Products/Liberty Northwest (DCFP/LN) and Parkway Ford. Claimant withdrew his request for hearing with respect to Able Temporary/Health Future Enterprises, Inc. Accordingly, although named as a respondent, Able Temporary is not a party to this petition. Claimant makes no contention on review with regard to employer Huffman & Wright, also insured by Liberty.
[2] ORS 656.265(1) was likewise amended in 1995 to increase the time limitation for the filing of a claim from 30 to 90 days after the injury. It is clear that that amendment would not be applied retroactively. Or.Laws 1995, ch. 332, § 66(6). An injured claimant would therefore be subject to a 30-day limitation for the filing of a claim for which no disclaimer had been made. Because claimant's condition is an occupational disease, the amendments mean that claimant's claim would be subject to the general time limitation set forth in ORS 656.807(1), which requires the filing of a claim within one year from the date of discovery of the disease or from the date a claimant becomes disabled or is informed by a physician that there is an occupational disease.
[3] ORS 656.308(1) (1990) provided:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer."