Argued and submitted May 20, 1994, affirmed on petition and on cross-petition
April 12, 1995

In the Matter of the Compensation of
Judith L. Duncan, Claimant.

Judith L. DUNCAN,
*Petitioner - Cross-Respondent,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Nike International,
*Respondents - Cross-Petitioners.*

(WCB 91-10737; CA A80842)

894 P2d 477

Robert Wollheim argued the cause for petitioner - cross-respondent. With him on the briefs was Welch, Bruun, Green & Wollheim.

Craig A. Staples argued the cause for respondents - cross-petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

Before Richardson, Chief Judge, and Landau* and Leeson, Judges.

RICHARDSON, C. J.

---

* Landau, J., *vice* Rossman, P. J., retired.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Workers' Compensation Board that modified her award of permanent partial disability benefits. Employer cross-petitions for review of the same order. We affirm.

On November 3, 1989, claimant fell at work and injured her left knee, left wrist and right wrist. Employer accepted a claim for her left knee and left wrist injuries. Seven months later, while neither accepting nor denying compensability of claimant's right wrist injury, employer authorized right carpal tunnel release surgery, which was performed. On February 12, 1991, a determination order was issued; it found claimant medically stationary as of September 17, 1990, and awarded her 11 percent permanent partial disability (PPD) for her right wrist and four percent PPD for her left wrist.[1] She was also awarded temporary partial disability (TPD) for November 6, 1989, through May 14, 1990.[2]

On June 27, 1991, claimant filed a timely request for reconsideration of the determination order, ORS 656.268(5), alleging that she was entitled to increased PPD for her right wrist and enforcement of the TPD award. Employer did not request reconsideration of the determination order. The order on reconsideration increased to 33 percent claimant's PPD for her right wrist and affirmed the remainder of the determination order.

On August 12, 1991, claimant timely requested a hearing. On November 5, 1991, two days before the hearing, employer filed a cross-request for a hearing, seeking reduction of the PPD rating of the right wrist injury to zero on the ground that it was not a compensable injury. At the November 7, 1991, hearing, claimant moved to dismiss employer's cross-request as untimely.[3] The referee granted the motion

---

[1] The PPD award for her left wrist is not at issue on review.

[2] Claimant was also awarded TPD for August 21, 1990, through September 17, 1990, and temporary total disability (TTD) for the period of May 15, 1990, through August 20, 1990; however, only the TPD awarded for the period of November 6, 1989, through May 14, 1990, is at issue on review.

[3] At the hearing, claimant withdrew her request for increased PPD and temporary disablity benefits, leaving the following issues to be determined: payment rate of PPD, assessment of penalties and attorney fees, and enforcement of temporary disability benefits.

for dismissal, affirmed the reconsideration order and awarded claimant penalties and attorney fees for employer's unreasonable failure to pay the temporary benefits awarded by the determination order.

Employer requested review by the Workers' Compensation Board (Board).[4] The Board reversed the portion of the referee's order that dismissed employer's cross-request for a hearing. The Board reasoned that claimant's timely request for a hearing placed the determination and reconsideration orders properly before the referee, and the referee could have considered employer's request for reduction of those awards. However, the Board concluded that, because employer had failed to request reconsideration of the determination order, the disability benefits awarded by the determination order served as a floor. Although the Board agreed with employer that the right wrist injury was not compensable, the Board reduced the PPD benefits from 33 percent to the 11 percent PPD rating awarded by the determination order. The remainder of the referee's order, including the award of penalties and attorney fees, was affirmed.

■ Claimant's only assignment in this court is that the Board erred in holding that it had jurisdiction to consider employer's request that claimant's PPD be reduced. Claimant argues that employer's failure to timely request a hearing under ORS 656.268(6)(b) deprives the referee and the Board of jurisdiction to reduce her PPD award. Employer argues that the Board had jurisdiction over and could address employer's contentions regarding the determination and reconsideration orders because a timely request for a hearing was filed by claimant. That is correct. *Pacific Motor Trucking Co. v. Yeager*, 64 Or App 28, 666 P2d 1366 (1983). Employer

---

[4] In its request, employer raised the following issues:

(1) Whether the Board had jurisdiction to consider claimant's entitlement to the temporary and permanent disability benefits awarded by the determination order;

(2) Whether the employer was obligated to pay the temporary disability benefits awarded;

(3) Whether the imposition of penalties and attorney fees for unreasonable failure to pay were properly assessed;

(4) Whether claimant was entitled to a PPD award for her right wrist; and

(5) Whether claimant's PPD benefits are payable at a rate of $145 or $305 per degree.

was not required to cross-request a hearing to raise issues about the PPD award. However, the issues that employer could properly raise at the hearing are limited by our resolution of employer's first assignment of error.

■ Employer's first assignment on its cross-petition is that the Board erred in concluding that the disability benefits awarded by the determination order served as a floor and thus, employer was barred from seeking a reduction to zero of that award at the hearing because employer had failed to request reconsideration under ORS 656.268(5).[5] Employer argues that the language of ORS 656.268(5) requires only that the reconsideration process be first invoked before the Board can acquire jurisdiction to conduct a hearing, not that it limits a party's ability to raise issues at a hearing once jurisdiction is established. Claimant contends that employer's failure to request reconsideration bars employer from challenging for the first time at the hearing the disability benefits awarded by the determination order.

The issue that must be resolved is what effect the failure to request reconsideration of a determination order has on a party's right to subsequently raise issues. ORS 656.268(6)(b) provides, in part:

"If any party objects to the reconsideration order, the party may request a hearing under ORS 656.283."

ORS 656.283 provides that any party or the director may at any time request a hearing, subject to ORS 656.319.[6] ORS 656.295 provides for Board review of referee orders and ORS 656.298 provides for judicial review of Board orders.

Considering the text of ORS 656.268(5) in that context, the language creates a reconsideration process that

---

[5] ORS 656.268(5) provides, in part:

"If the worker, the insurer or self-insured employer objects to a determination order issued by the department, the objecting party must first request reconsideration of the order."

[6] ORS 656.319 provides time periods within which a hearing must be requested. For example, ORS 656.319(4) provides:

"With respect to objections to a reconsideration order under ORS 656.268, a hearing on such objections shall not be granted unless a request for hearing is filed within 180 days after the copies of the determination or notice of closure were mailed to the parties."

serves as an additional level of review in the workers' compensation system. A review of the legislative history of ORS 656.268(5) provides further instruction in this regard. Cecil Tibbetts, a member of the Governor's Workers' Compensation Labor/Management Advisory Committee, explained:

"And *our purpose here is to cut down the number of appeals, the number of hearings that have to take place.* So what we're now instituting is that a worker who is unsatisfied with a determination order will have an obligation to request reconsideration of that order." Joint Interim Special Committee on Workers' Compensation, May 3, 1990, Tape 1, Side B at 394 (emphasis supplied).[7]

It is evident that the purpose of the reconsideration process created by ORS 656.268(5) was to provide a less formalized level of review of a determination order, at the department level, in an attempt to reduce the number of hearings and appeals.

If we were to adopt the analysis of ORS 656.268(5) urged by employer, the intent of the legislation would be diluted. If a party does not raise the objection on reconsideration, there is no opportunity to address and possibly correct the problem at this early stage of the process. If that party seeks to litigate an issue for the first time at the hearing, the reconsideration process has become a nullity and the process would then essentially begin anew at the more formalized hearing level. Employer sees ORS 656.268(5) as a jurisdictional statute. It argues that that statute only establishes reconsiderations as a prerequisite to the Board acquiring jurisdiction. The hearings division and the Board have jurisdiction pursuant to ORS 656.283(1). ORS 656.268(5) relates not to jurisdiction to conduct a hearing, but in part to preservation of issues that may be raised at the hearing.

■ Claimant asserts, and we agree, that employer is barred from challenging the determination order award at a hearing because it did not seek reconsideration. A party may

---

[7] *See* Statements of Representative Shiprack: "We are also going to require workers who disagree with the initial disability of evaluation decision to seek a reconsideration. * * * This will dramatically cut back the time that is spent in the hearings process." Tape Recording, Special Session, House floor debate, May 7, 1990, Tape 2, Side A at 5. *See also Jackson v. Tuality Community Hospital*, 132 Or App 182, 186, 888 P2d 35 (1994) (citing Representative Shiprack and concluding that the purpose of reconsideration process was to cut down on the number of appeals).

seek review of the order on reconsideration, but when a party objects at a hearing to a part of the reconsideration order that merely affirms the determination order, the party's true objections are to the determination order and ORS 656.268(5) forecloses the objection if no request for reconsideration was made. Thus, the determination order becomes the instrument that defines the maximum or minimum awards when a party fails to raise its objections through a request for reconsideration. However, if the reconsideration order changes the determination order, the propriety of that change can be raised by either party at a hearing. In this case, the determination order served as a floor, and employer could not seek reduction of the temporary or permanent disability benefits below that level because it did not request reconsideration on those issues.

Employer argued before the Board that it had never accepted claimant's right wrist injury and, therefore, claimant's award of PPD should be zero. The Board agreed that the injury was not compensable, but applied the determination order as a floor when it reduced the PPD award. Employer does not argue on review that the PPD for the right wrist should be reduced because the extent of disability was not proven, but instead argues that the entire right wrist injury is not compensable. However, employer failed to challenge the compensability of claimant's injury by a request for reconsideration[8]; thus, it is precluded from arguing at a hearing, and on review, that the injury is not compensable.

■ Employer's second assignment of error challenges the Board's determination that employer was obligated to pay claimant temporary disability benefits at her full time loss rate from November 6, 1989, through May 14, 1990. Again, because employer failed to seek reconsideration of the TPD benefits awarded, we will not consider employer's arguments on review.

Employer's third assignment of error challenges the Board's affirmation of the referee's imposition of penalties for employer's nonpayment of TPD benefits. Employer

---

[8] Nor did employer, after determining that the claim was not compensable, properly issue a notice of claim denial pursuant to ORS 656.262(6).

argues that it properly relied on OAR 436-60-030(2)[9] and recent Board decisions[10] in refusing to pay the compensation awarded. It argues that imposition of the penalty was not supported by substantial evidence because, even though it failed to object to the award of TPD benefits in the determination order, the award was clearly wrong and refusing to pay it was not unreasonable. Claimant responds that if employer objected to the award of TPD benefits, it should have requested reconsideration of the determination order rather than raising the objection for the first time at the hearing. Claimant concludes that employer's actions in failing to object and then failing to pay were unreasonable, and the penalty was properly assessed.

On review, the only period of TPD benefits to which employer objects are November 6, 1989, through May 14, 1990. It has never challenged the award of TPD benefits for the period August 21, 1990, through September 17, 1990, and it is for part of this period that employer claims the penalty was wrongly assessed. However, because employer failed to object to *any* of the TPD benefits by requesting reconsideration, we do not consider employer's arguments on review.

Affirmed on petition and on cross-petition.

---

[9] OAR 436-60-030(2) provides:

"Temporary disability payments are not due if post-injury wages equal or are greater than the wages earned at the time of injury. However, a worker released to and doing modified work at full wage from the onset is entitled to temporary total disability under the circumstances described in subsection (4)(b) of this rule."

[10] *See, e.g., Robert L. Parrish*, 45 Van Natta 1035 (1993); *Mindi M. Miller*, 44 Van Natta 2144 (1992); *Jason L. Bail*, 42 Van Natta 553 (1990), *aff'd Bail v. EBI Services*, 106 Or App 180, 807 P2d 347, *rev den* 311 Or 482 (1991).