Argued and submitted May 20, 1994, affirmed April 12, 1995

In the Matter of the Compensation of
Gisela M. Stephens, Claimant.

DIANE'S FOODS
and Liberty Northwest
Insurance Corporation,
*Petitioners,*

*v.*

Gisela M. STEPHENS,
*Respondent.*

(WCB 92-10499; CA A81346)

893 P2d 573

Jerry K. Brown argued the cause for petitioners. On the brief were Charles L. Lisle and Cummins, Brown, Goodman, Fish & Peterson, P.C.

Randy Elmer argued the cause for respondent. With him on the brief was Law Offices of Michael B. Dye.

Before Richardson, Chief Judge, and Landau* and Leeson, Judges.

PER CURIAM

---

* Landau, J., *vice* Rossman, P. J., retired.

## PER CURIAM

In this workers' compensation case, employer seeks review of an order of the Board reversing the referee's order that reduced claimant's permanent partial disability (PPD) to zero. The Board reinstated the determination order award of 29 percent PPD because employer had failed to request reconsideration of that award under ORS 656.268(5).

Employer's only argument is that ORS 656.268 is a jurisdictional statute under which reconsideration is a prerequisite to the Board's acquiring jurisdiction to conduct a hearing. It argues that it does not matter which party initially requests reconsideration of the determination order and that it may properly raise any objections to the determination order award of PPD at the hearing. We rejected this same argument in *Duncan v. Liberty Northwest Ins. Corp.*, 133 Or App 605, 894 P2d 477 (1995), in which we held that failure of a party to request reconsideration of a determination order will bar that party's subsequent challenge to the determination order award at a hearing.

Affirmed.