Argued and submitted April 18, reversed and remanded September 27, 1995, petition for review allowed April 9, 1996 (323 Or 136)

In the Matter of the Order
Denying Further Reconsideration of
Ramira U. Guardado, Claimant.

Ramira U. GUARDADO,
*Petitioner,*

*v.*

J. R. SIMPLOT COMPANY,
*Respondent,*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor.*

(H93-045; CA A83592)

902 P2d 1225

Robert Wollheim argued the cause for petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, and J. David Kryger and Emmons, Kropp, Kryger.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Replogle & Bohy.

Stephen L. Madkour, Assistant Attorney General, argued the cause for intervenor. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

Riggs, P. J., dissenting.

## LEESON, J.

Claimant seeks review of an order of the Director of the Department of Consumer and Business Services, contending that the Director erred in refusing to allow her to file a request for reconsideration of a determination order of the Workers' Compensation Division. We reverse.

The facts are not disputed. Claimant was compensably injured in August 1991. Her claim was closed by determination order on October 14, 1992. On October 22, 1992, employer filed a request for reconsideration. That request challenged the impairment findings and both scheduled and unscheduled partial disability ratings. Employer sent copies of the request to claimant and to her attorney. The Appellate Review Unit also sent claimant a notice that employer had filed a request for reconsideration.

On December 16, 1992, claimant was examined by a medical arbiter. On January 14, 1993, the Appellate Review Unit issued an order on reconsideration affirming the determination order in all respects.

On March 18, 1993, claimant submitted a request for reconsideration of the October 14, 1992, determination order, contesting the rating of claimant's scheduled and unscheduled permanent partial disability. On April 5, claimant submitted a supplemental request for reconsideration, contesting the failure to award unscheduled permanent total disability. On May 25, 1993, the Appellate Review Unit issued an order denying claimant's request for reconsideration, on the ground that "the reconsideration process has been completed for this closure" and that it therefore lacked jurisdiction under ORS 656.268. The director's hearings officer affirmed the Appellate Review Unit's order.

Claimant assigns error to the denial of her request for reconsideration. She argues that nothing in ORS 656.268 or the relevant administrative rule, OAR 436-30-050(1), limits her right to request reconsideration merely because employer exercised its right to request reconsideration before she did. She maintains that, under the statute and rule, either party has the right to request reconsideration and that, as long as the request was made within 180 days of the mailing

of the determination order, she was not barred from requesting reconsideration. Employer responds that claimant was given notice that employer had requested reconsideration and that she was advised of her right to correct misinformation in the record or to submit additional medical evidence. According to employer, claimant was not denied her right to request reconsideration; she simply "did not act timely to exercise her rights."

ORS 656.268(5) (1993) provides, in part:

"If the worker, the insurer or self-insured employer objects to a determination order issued by the department, the objecting party must first request reconsideration of the order. At the reconsideration proceeding, the worker or the insurer or self-insured employer may correct information in the record that is erroneous and may submit any medical evidence that should have been but was not submitted by the physician serving as the attending physician at the time of claim closure."

ORS 656.268(5) does not secify the time period within which a party must request reconsideration. However, ORS 656.268(6)(b) (1993) provides:

"If any party objects to the reconsideration order, the party may request a hearing under ORS 656.283 within 180 days after copies of notice of closure or the determination order are mailed, whichever is applicable. The time from the request for reconsideration until the reconsideration is made shall not be counted in any limitation on the time allowed for the request for hearing."

Because a request for reconsideration of a determination order tolls the limitation on the time allowed for hearing, the effect of the two statutes is to require that a request for reconsideration be filed within 180 days from the mailing of the determination order.[1] The purpose of reconsideration is

---

[1] Oregon Laws 1995, chapter 332, section 30, amended ORS 656.268. ORS 656.268(5)(b) now provides that "the request for reconsideration must be made within 60 days of the date of the determination order." That amendment is not applicable to this case. Section 66(6) of the Act provides that the 1995 amendments

"do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act."

There are no other changes to ORS 656.168 that affect the outcome of this case at this juncture.

"to provide a less formalized level of review of a determination order at the department level, in an attempt to reduce the number of hearings and appeals." *Duncan v. Liberty Northwest Insurance*, 133 Or App 605, 894 P2d 477 (1995). The Appellate Review Unit of the Workers' Compensation Division is responsible for processing requests for reconsideration of determination orders. OAR 436-30-050(1).[2]

In this case, claimant submitted her requests for reconsideration within 180 days of the mailing of the determination order. If claimant had been the only party to request reconsideration in this case, her request on March 18, 1993, and her supplemental request on April 5, 1993, clearly would have been timely. The issue is the effect, if any, on claimant's reconsideration rights of employer's request for reconsideration on October 22, 1992. Resolution of the issue is a matter of statutory construction. We begin with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

The text of ORS 656.268(5) is clear: A party that objects to a determination order must request reconsideration of the order. If a party fails to raise an issue on reconsideration, it is foreclosed from objecting to the determination order for the first time at hearing. ORS 656.268(5); *Duncan*, 133 Or App at 611. The statute does not state that there can be only one request for reconsideration. Neither does it state that if one party requests reconsideration, any other party must raise its objections to the determination order at that time or be precluded from doing so subsequently, even if its request is made within the 180-day period. ORS 656.268(5) also provides that at the reconsideration proceeding "the worker or the insurer or self-insured employer *may* correct information in the record." (Emphasis supplied.) That language is permissive: it allows a party not seeking reconsideration to raise issues before the Appellate Review Unit, but does not require that party to do so or state that failure to do so will preclude the party from making an

---

[2] OAR 436-30-050(1) closely mirrors the language of the 1993 version of ORS 656.268(5). It provides:

"A Determination Order shall be reconsidered by the Appellate Unit upon receipt by the Department of a written request for reconsideration by the worker, the worker's representative, the insurer or the self-insured employer."

otherwise timely request for reconsideration. In order to affirm the department's interpretation of the statute and its rule, we would be required to read into the statute words that are not there. We are prohibited from doing so. ORS 174.010.

The context of ORS 656.268(5) reinforces the clear language of the statute. ORS 656.270, for example, provides that a determination order shall contain

"a notice in capital letters and boldfaced type that informs the parties of the proper manner in which to proceed if they are dissatisfied with the determination or closure. The notice shall include information on the rights and duties of the parties to obtain reconsideration and hearing on the determination * * *."

Like ORS 656.268(5), nothing in the notice provision of ORS 656.270 states that a party will be informed that its rights regarding reconsideration within the 180-day period are affected if another party requests reconsideration first.

Neither the text nor context of ORS 656.268(5) supports the contention that claimant failed to timely request reconsideration of the determination order. The dissent's desire for administrative simplicity is no justification for reading into the statute a requirement that the statute does not contain. Because claimant's request was filed within the 180 days allowed by statute, the director erred in concluding that it lacked jurisdiction under ORS 656.268.

Reversed and remanded.

**RIGGS, P. J.,** dissenting.

I disagree with the majority's holding that claimant is entitled to a second reconsideration of the determination order closing her claim. Claimant was notified of employer's request for reconsideration and given an opportunity to participate in the reconsideration process by submitting additional medical evidence. She was examined by a medical arbiter. The Appellate Review Unit issued its order on reconsideration affirming the determination order in all respects, and that put the case on track for the next level of review, a hearing. The order on reconsideration superseded the determination order. At a hearing, the referee would have reviewed the order on reconsideration, not the original determination

order. Once the determination order had been reconsidered, a subsequent request for reconsideration of the same determination order was misdirected. I cannot accept the majority's view that the legislature intended that each party is entitled to a separate reconsideration of the same determination order.

My view that there is intended to be only one reconsideration process is supported by the text and context of the statute. At the relevant time, ORS 656.268(5) provided that,

> "[a]t the reconsideration proceeding, the worker or the insurer or self-insured employer may correct information in the record that is erroneous and may submit any medical evidence that should have been but was not submitted by the physician serving as the attending physician at the time of closure."

The opportunity to participate in the reconsideration process is bilateral. Even a party not seeking reconsideration is entitled to raise issues before the Appellate Review Unit. It approaches absurdity to provide, on the one hand, that all parties may participate in a single reconsideration process, but to permit, on the other hand, that each party seek reconsideration separately. This is especially true in the light of the legislature's apparent objective in providing reconsideration at all: the simplification of the review process. Multiple reconsiderations would only complicate, not simplify, that process. For example, when multiple orders on reconsideration have been issued on multiple requests for reconsideration, which of the many orders must the referee review if a request for hearing is filed?

For the reasons expressed, I think that the majority is wrong, and I therefore dissent.