Argued and submitted May 12, 1997, reversed and remanded June 24, 1998

In the Matter of the Order
Denying Further Reconsideration.

Thomas A. FRANZEN,
*Petitioner,*

*v.*

LIBERTY MUTUAL FIRE INSURANCE COMPANY
and Supervalu, Inc.,
*Respondents,*

*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor.*

(H95-236; CA A94105)

962 P2d 729

Linda C. Love argued the cause and filed the briefs for petitioner.

Alexander D. Libmann argued the cause and filed the briefs for respondents.

Mary H. Williams argued the cause for intervenor. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General. Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise J. Fjordbeck, Assistant Attorney General, filed the supplemental brief for intervenor.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

Claimant seeks review of the order of the Director of the Department of Consumer and Business Services (Director) denying his request for reconsideration of a determination order issued by the Department. We reverse and remand.

Claimant was awarded permanent partial disability by a determination order issued on May 22, 1995. That order found him to be medically stationary on April 18, 1995. Pursuant to ORS 656.268(5) (1993) and ORS 656.268(6)(b) (1993),[1] the insurer, Liberty Mutual Fire Insurance Company (Liberty), requested reconsideration of the order within 180 days of its issuance. On June 27, 1995, the Department issued an order on reconsideration reducing claimant's permanent disability award. On October 25, 1995, claimant requested reconsideration of the May 22 determination order. That request also was made within 180 days of issuance of the determination order. The Department denied that request on the ground that it did not have jurisdiction to consider the request because, under OAR 436-30-115(3), which the Department had adopted as a temporary rule,[2] only one reconsideration proceeding could be held on each determination order. The Director affirmed the order denying reconsideration, and claimant seeks review of that order.

■ Claimant argues, relying on our decision in *Guardado v. J. R. Simplot Co.*, 137 Or App 95, 902 P2d 1225 (1995), *rev dismissed* 324 Or 177 (1996), that the Department

---

[1] This statute was amended by Oregon Laws 1995, chapter 332, section 30 to provide that requests for reconsideration must be made within 60 days of the date of the determination order. However, that amendment does not apply here because, under section 66 of chapter 332, amendments that affect procedural time periods do not apply to actions taken before the effective date of the Act. *Motel 6 v. McMasters*, 135 Or App 583, 587, 899 P2d 1212 (1995). This statute was again amended in 1997. Or Laws 1997, ch 111, § 1. We discuss the relevance of that amendment to this case later in this opinion. 154 Or App at 508-09.

[2] This temporary rule was effective August 23, 1995, and thus applies to claimant's request for reconsideration which, as we noted above, was filed on October 25, 1995. That rule has now been superseded by a permanent rule, OAR 436-030-0115(4), which applies to requests for reconsideration filed after the effective date of the permanent rule, February 17, 1996.

has jurisdiction to consider more than one request for reconsideration so long as each request made is within the time period that the statute allows. He asserts that the Department's rule limiting requests for reconsideration is invalid because it is inconsistent with ORS 656.268(5) (1993).

ORS 656.268(5) (1993) provided, in part:

"If the worker, the insurer or self-insured employer objects to a determination order issued by the department, the objecting party must first request reconsideration of the order. At the reconsideration proceeding, the worker or the insurer or self-insured employer may correct information in the record that is erroneous and may submit any medical evidence that should have been but was not submitted by the physician serving as the attending physician at the time of claims closure."

ORS 656.268(5) (1993) did not specify a time period for filing a request for reconsideration. However, ORS 656.268(6)(b) (1993) provided that a request for reconsideration must be filed within 180 days from the mailing of the determination order.

In *Guardado*, we considered the same question presented here. We concluded in that case that the statutes did not limit the number of requests for reconsideration. We explained:

"In this case, claimant submitted her requests for reconsideration within 180 days of the mailing of the determination order. If claimant had been the only party to request reconsideration in this case, her request on March 18, 1993, and her supplemental request on April 5, 1993, clearly would have been timely. The issue is the effect, if any, on claimant's reconsideration rights of employer's request for reconsideration on October 22, 1992. Resolution of the issue is a matter of statutory construction. We begin with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

"The text of ORS 656.268(5) [(1993)] is clear: A party that objects to a determination order must request reconsideration of the order. If a party fails to raise an issue on reconsideration, it is foreclosed from objecting to the determination order for the first time at hearing. ORS

656.268(5); *Duncan* [*v. Liberty Northwest Ins. Corp*, 133 Or App 605, 611, 894 P2d 477 (1995)]. *The statute does not state that there can be only one request for reconsideration.* Neither does it state that if one party requests reconsideration, any other party must raise its objections to the determination order at that time or be precluded from doing so subsequently, even if its request is made within the 180-day period. ORS 656.268(5) [(1993)] also provides that at the reconsideration proceeding 'the worker or the insurer or self-insured employer *may* correct information in the record.' (Emphasis supplied.) That language is permissive: it allows a party not seeking reconsideration to raise issues before the Appellate Review Unit, but does not require that party to do so or state that failure to do so will preclude that party from making an otherwise timely request for reconsideration. In order to affirm the department's interpretation of the statute and its rule, we would be required to read into the statute words that are not there. We are prohibited from doing so. ORS 174.010." *Guardado*, 137 Or App at 99-100. (Emphasis supplied.)

Liberty and intervenor Department argue that *Guardado* is not applicable here. They contend that *Guardado* is not controlling because, at the time that *Guardado* was decided, the Director had not adopted OAR 436-30-115(3), the temporary rule on which the decision here was based. That rule provided:

"Only one reconsideration proceeding may be completed on each Determination Order or Notice of Closure and the Department will do a complete review of that closure; however, pursuant to OAR 436-30-008(1), at the Director's discretion, an Order on Reconsideration can be abated, withdrawn and/or amended."

It is the position of Liberty and the Department that this rule is not inconsistent with the statute. They argue that the rule is clearly within the broad grant of authority given to the Director under ORS 656.726(3) to adopt all rules necessary to the efficient administration of the workers' compensation system.

■  We agree that the Director has broad authority to adopt rules necessary to the efficient administration of the workers' compensation program. Nonetheless, that authority

does not include the power to adopt rules that are inconsistent with statutes. *Lane County v. LCDC*, 325 Or 569, 582, 942 P2d 278 (1997). It is correct that the Director had not adopted the rule at the time of our decision in *Guardado* and, thus, we did not specifically address whether the Director had the authority to adopt a rule limiting the number of permissible requests for reconsideration. Nonetheless, the reasoning of our decision in *Guardado* is directly applicable here. We held in that case that the language of the *statute* "is permissive: It allows a party not seeking reconsideration to raise issues before the [Department], but does not require that the party do so or state that failure to do so will preclude the party from making an otherwise timely request for reconsideration." *Guardado*, 137 Or App at 99-100. We further stated that in order to affirm the Department's interpretation of the statute we would have to read words into the statute that are not there, which we are not authorized to do. *Guardado*, 137 Or App at 100. The Department's adoption of a policy limiting the number of requests for reconsideration in the form of a rule does not change the fact that the policy is inconsistent with the statute and, thus, in excess of the Director's authority. *See* ORS 183.400(4)(a);[3] *see also Lane County*, 325 Or at 582 (an agency may not adopt rules inconsistent with an applicable statute).

The Department argues alternatively that our holding in *Guardado* is wrong and that we should reconsider it. It asserts, relying on the context of ORS 656.268 (1993), that its reading of the statute is consistent with the legislature's intent to create a more efficient and simple review process. The Department asserts that to allow multiple requests for reconsideration "creates a complicated and uncertain review process." However, as we concluded in *Guardado*, in response to the same point made in the dissenting opinion in that case, a desire for administrative simplicity is no justification for reading into the statute a requirement that the statute does not include. *Guardado*, 137 Or App at 100.

■        In 1997, ORS 656.268(6)(a)[4] was amended to provide that only one reconsideration proceeding may be held on each

---

[3] ORS 183.400(4)(a) provides: "The court shall declare the rule invalid only if it finds that the rule [e]xceeds the statutory authority of the agency."

[4] ORS 656.268(6)(a) (1997) provided:

determination order on notice of closure. Or Laws 1997, ch 111, § 1. The Department argues that this change in the statute applies retroactively. The Department recognizes that there is no express provision for retroactive application of this statute but argues that the "general structure of the statute" and the legislative history indicate that the legislature intended the amendment to apply retroactively. Specifically, the department argues that the clause, "[n]otwithstanding any other provision of law," indicates that the legislature intended the amendment to apply as broadly as possible, which, it argues, "is consistent with applying the amendment to all matters that had not become final at the time the statute was enacted."

However, we have never held that a "notwithstanding" clause can substitute for an express retroactivity clause and we find no reason to do so here. The legislature knows how to make amendments apply retroactively, *see e.g.*, Or Laws 1997, ch 605, § 2 (making that Act "fully retroactive"), but it did not choose to do so here. We may not insert into a statute words that were not put there by the legislature. ORS 174.010. We conclude that the text and the context of the statute indicate the legislature's intent that the statute apply only prospectively. *See Barnes v. City of Portland*, 120 Or App 24, 852 P2d 265, *rev den* 317 Or 583 (1993) ("Unless the legislature expressly provides that a statute applies retroactively, the general rule is that the rights and liabilities of a person who is affected by an event are defined and measured by the statutes in effect at the time of the event."). Accordingly, the 1993 version of ORS 656.268 applies here.

In this case, it is undisputed that claimant filed a request for reconsideration within the 180 days allowed by the statute in effect in 1993. We hold that the Director erred

---

"Notwithstanding any other provision of law, only one reconsideration proceeding may be held on each determination order or notice of closure. However, following a request for reconsideration pursuant to subsection (5)(b) of this section by one party, the other party or parties may file a separate request. At the reconsideration proceeding, the worker or the insurer or self-insured employer may correct information in the record that is erroneous and may submit any medical evidence that should have been but was not submitted by the physician serving as the attending physician at the time of claim closure."

in concluding that he did not have jurisdiction to consider claimant's request.

Reversed and remanded.