Argued and submitted May 20, affirmed October 30, 2002

In the Matter of the Compensation of
Alvaro Machuca-Ramirez, Claimant.

Alvaro MACHUCA-RAMIREZ,
*Petitioner,*

*v.*

ZEPHYR ENGINEERING, INC.,
and Cunningham Lindsey Claims,
*Respondents.*

00-01419; A113765

56 P3d 957

Aaron E. Clingerman argued the cause and filed the brief for petitioner.

Deborah L. Sather argued the cause for respondents. With her on the brief were Tracy J. White and Sather, Byerly & Holloway.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (board) reversing an administrative law judge's (ALJ) award of 28 percent permanent partial disability (PPD). We affirm.

The relevant facts are uncontested. Claimant injured his back at work, and employer accepted a claim for back strain. Based on the opinion of claimant's treating physician, Dr. Tsang, and an independent medical examination conducted by Drs. Woodward and Williams, employer issued a notice of closure that included an award of 28 percent unscheduled PPD. Claimant requested reconsideration.

The Appellate Review Unit (ARU) appointed a medical arbiter, Dr. Vessely, to examine claimant. Vessely concluded that he could not make a valid examination of claimant because of claimant's "total noncooperation" and "symptomatic magnification." Vessely could not identify any residual functional capacity limitations due to the compensable injury. Based on Vessely's report, the ARU issued an order on reconsideration that reduced claimant's unscheduled PPD to zero.

Claimant requested a hearing. He argued that the medical arbiter's opinion should be rejected in favor of the opinion of his own physician and those of Woodward and Williams. Employer argued that the medical arbiter's opinion should govern. The ALJ reinstated the 28 percent PPD, finding that the medical arbiter's opinion was less persuasive than the opinions of the other physicians.

Employer requested board review, asking for reinstatement of the order on reconsideration. Claimant objected, arguing that employer is barred from arguing for an award that is lower than the 28 percent PPD that it allowed in its notice of closure. The board rejected that argument. According to the board, employer is not challenging its own notice of closure; rather, it is addressing "the propriety of the *change* in the Order on Reconsideration made in the claimant's award (*i.e.*, reduction to zero)." (Emphasis in original.) Accordingly, the board concluded, employer is not barred

"from defending the change made by the reconsideration order." The board then concluded that the opinions of the attending and other physicians were insufficient to overcome the determination by the medical arbiter that claimant was entitled to no unscheduled PPD.

Claimant now seeks review. His only contention is that the board erred in concluding that employer is not barred from seeking review of the ALJ's order reinstating the 28 percent award of unscheduled PPD. Relying principally on our decision in *Duncan v. Liberty Northwest Ins. Corp.*, 133 Or App 605, 894 P2d 477 (1995), claimant argues that the award in a notice of closure "acts as the floor and the employer cannot seek a reduction of claimant's disability award below that amount." Therefore, claimant concludes, employer was precluded from seeking review of the ALJ's order, which did no more than restore the award in the notice of closure.

Employer contends that *Duncan* is distinguishable because that case turned on the consequences of an earlier failure to seek review on a subsequent attempt to raise an issue. Employer notes that no such failure occurred in this case.

ORS 656.268 (1997)[1] provides that workers' compensation claims may be closed either by notice of closure or by determination order. If a claimant objects to a notice of closure, he or she may request reconsideration by the department. ORS 656.268(4)(e). The department may request additional medical information. ORS 656.268(6)(b). In the case of an objection to a notice of closure based on a disagreement about the impairment used in rating the disability, the director must refer the claim to a medical arbiter. ORS 656.268(7)(a). The medical arbiter may examine the worker. ORS 656.268(7)(d). The findings of the medical arbiter are then submitted to the department. ORS 656.268(7)(e). Nothing in the statute suggests that the department may not increase or decrease the award of disability.

---

[1] The statute has since been amended many times, but the amendments do not apply to this case. All citations to the statute, therefore, are to the 1997 version.

After the department issues an order on reconsideration, either party may be authorized to request a hearing before an ALJ to challenge the order. ORS 656.268(6)(g); ORS 656.283(3). The hearing may be held on any issue that was "raised and preserved" before the department and on any "issues arising out of the reconsideration order" itself. ORS 656.268(8). Nothing in the wording of the relevant statutes imposes any other limits on the nature of the issues that may be raised before the ALJ.

*Duncan* is not to the contrary. In that case, a claim was closed by a determination order awarding 11 percent PPD for a right wrist injury. The claimant requested reconsideration of the determination order, alleging that she was entitled to an increased award of disability for the right wrist. Although it could have, the employer did not request reconsideration of the determination order. The order on reconsideration increased the disability award to 33 percent. At that point, the employer requested a hearing seeking reduction of the disability award to zero. The board held, and we agreed, that the employer could not do that:

> "Claimant asserts, and we agree, that employer is barred from challenging the determination order award at a hearing because it did not seek reconsideration. * * * ORS 656.268(5) forecloses the objection if no request for reconsideration was made. Thus, the determination order becomes the instrument that defines the maximum or minimum awards when a party fails to raise its objections through a request for reconsideration. However, if the reconsideration order changes the determination order, the propriety of that change can be raised by either party at a hearing. In this case, the determination order served as a floor, and employer could not seek reduction of the temporary or permanent disability benefits below that level because it did not request reconsideration on those issues."

*Duncan*, 133 Or App at 610-11. Thus, in *Duncan*, the only reason that the award in the determination order served as a "floor" having preclusive effect was that the employer failed to request reconsideration of the award itself.

There was no such failure in this case. The order on reconsideration changed the disability award from 28 percent to zero. Claimant contested the change, and employer

defended it. When the ALJ set aside the change and restored the disability award, employer did no more than the statute permits, that is, to reassert its defense of the order on reconsideration.

Claimant insists that employer improperly is being permitted to challenge its own disability award. We disagree. As the board correctly pointed out, when the order on reconsideration makes a change in the award, the proper focus is not on employer's initial award but on "the propriety of the *change* the Order on Reconsideration made in the claimant's award." (Emphasis in original.) *See Duncan,* 133 Or App at 611. That makes sense, as the order on reconsideration is predicated on additional—and more recent—information not previously available to the parties, *i.e.,* the medical arbiter's report. The relevant statutes give no indication that an employer is not entitled to defend a department decision made on the basis of that additional information. We therefore conclude that the board was correct in rejecting claimant's contention that employer may not challenge the ALJ's order.

Affirmed.