Argued and submitted May 9, decision of the Court of Appeals vacated, petition for judicial review dismissed July 8, 2005

In the Matter of the Compensation of
Jimmy O. Dougan, Claimant.
Jimmy O. DOUGAN,
*Petitioner on Review,*

*v.*

SAIF CORPORATION
and Department of Consumer and Business Services,
*Respondents on Review.*
(WCB 02-0094M; CA A119427; SC S51645)

115 P3d 242

Christopher D. Moore, of Malagon, Moore & Jensen, Eugene, argued the cause and filed the brief for petitioner on review.

Alice M. Bartelt, Salem, argued the cause and filed the brief for respondent on review SAIF Corporation.

Judy C. Lucas, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

In this workers' compensation case, claimant asks this court to reverse an order of the Workers' Compensation Board (board) that the board issued under its statutory "own-motion" authority. Claimant sought an award of permanent partial disability benefits for his worsening hip condition. The State Accident Insurance Fund (SAIF) awarded claimant only temporary disability compensation. The board approved the award of temporary disability compensation, but it refused to award permanent partial disability benefits. Claimant sought judicial review, and the Court of Appeals affirmed the board's order. We conclude that the appellate courts lack jurisdiction to review the board's order, because the legislature has limited appellate jurisdiction over claimants' challenges to own-motion orders to those that diminish or terminate an award. Accordingly, we vacate the decision of the Court of Appeals and dismiss the petition for judicial review.

We take the facts from the record. In February 1976, claimant suffered a compensable right hip fracture. In December 2000, claimant's right hip condition worsened. Claimant requested that SAIF reopen his claim. SAIF filed a recommendation with the board, and, in February 2001, the board reopened claimant's 1976 claim under its own-motion authority. *See* ORS 656.278(1) (board may modify "former findings, orders or awards" on "its own motion"). In July 2001, claimant's treating physician performed the hip-replacement surgery. In February 2002, the physician concluded that claimant was medically stationary. In March 2002, SAIF closed the claim, declaring claimant medically stationary as of February 2002. SAIF awarded temporary disability compensation but declined to award claimant permanent partial disability benefits. Claimant requested board review of that decision.

Before the board, claimant argued that SAIF should have granted him an award of permanent partial disability benefits. The board, however, affirmed SAIF's notice of closure, holding that claimant was not entitled to a permanent partial disability award. Claimant sought judicial review. Respondents moved to dismiss claimant's petition for judicial

review, arguing that the Court of Appeals lacked statutory authority to consider claimant's petition. The Court of Appeals denied the motion and then affirmed the board's decision on the merits in a brief per curiam order. *Dougan v. SAIF*, 193 Or App 767, 91 P3d 781 (2004). Claimant filed a petition for review, which this court allowed.

As noted, the board took action here under its authority to reopen closed claims on its own motion. The board's own-motion authority represents the third phase of indemnity that the workers' compensation scheme offers injured workers. The first phase begins when the worker is injured and initiates a claim. *See* ORS 656.262-656.270 (describing procedures for asserting claims for compensation for workplace injuries and for closure of claims). The second phase is the aggravation period, during which the worker may seek additional benefits for "worsening conditions" resulting from the original injury during a five-year period after the injury. *See* ORS 656.273 (describing aggravation benefits and providing that claim for aggravation must be filed within five years). The third phase is known as own-motion authority, pursuant to which the board may reconsider and adjust an earlier award, even after the five-year aggravation period has ended. Under ORS 656.278(1), the board "may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards" if it determines that such action is "justified" because, among other reasons, "[t]here is a worsening of a compensable injury * * *." Here, the board concluded that, although ORS 656.278 authorizes temporary disability compensation for a worsening injury, that statute does not authorize permanent partial disability benefits for a worsening injury, such as the one that claimant suffered in this case.

■■    The legislature, in creating the board's own-motion authority, limited appellate review of board orders issued under that authority:

> "The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award."

ORS 656.278(4). That is, the statute forecloses a claimant from obtaining appellate review of any order made by the board under its own-motion authority, but it provides an exception to that bar if the order "diminishes or terminates a former award." Here, claimant challenged a board order that affirmed SAIF's notice of closure. SAIF's notice of closure included an award of temporary disability compensation and a denial of permanent partial disability benefits. The board's order neither "diminishe[d]" nor "terminate[d]" claimant's former award. Because the board's order does not come within the exception described in ORS 656.278(4), "claimant has no right to appeal." The Court of Appeals, therefore, lacked jurisdiction to consider claimant's appeal, as does this court.

Claimant argues that the legislature cannot exempt a board decision from judicial review. Claimant, however, fails to identify a plausible foundation for that argument. The legislature created the workers' compensation system, and the legislature has determined by statute which board orders are subject to judicial review and which are not. ORS 656.298 generally provides that a party "affected by" a board order may request judicial review by the Court of Appeals, but, as to orders issued under the board's own-motion authority, the right to appeal is controlled by the particular provision of ORS 656.278(4) that is quoted above. *See* ORS 174.020(2) (when a general and a particular provision of a statute are inconsistent, particular is "paramount" to general, "so that a particular intent controls a general intent that is inconsistent with the particular intent").

■  Claimant asserts that the board's order involved the interpretation and application of a statute, ORS 656.278, and that the board must exercise its authority under that statute "within the bounds of the law." Plainly, the board must act "within the bounds of the law."[1] That does not mean,

---

[1] We acknowledge the significant disputed issue of statutory interpretation that claimant seeks to raise. The board held that claimant could not recover permanent partial disability benefits under ORS 656.278(2)(d) when his claim was reopened under the board's own-motion authority because of claimant's worsening condition. Two members dissented. *Jimmy O. Dougan*, 54 Van Natta 1213, 1226, *aff'd on recons*, 54 Van Natta 1552 (2002). As noted, the Court of Appeals affirmed the board's decision on the merits, citing its earlier decision, *Goddard v. Liberty*

however, that a claimant dissatisfied with a board order has a right to appeal that order to the Court of Appeals. The right to appeal is wholly statutory and is subject to any limitations imposed by the statute conferring the right. *State v. Snyder*, 337 Or 410, 416, 97 P3d 1181 (2004). Because no statute authorizes claimant to appeal from the order at issue here— and, indeed, ORS 656.278(4) expressly forecloses this appeal—claimant had no right to appeal to the Court of Appeals, and neither that court nor this court has jurisdiction to review the board's order.[2] Accordingly, we have no choice but to vacate the decision of the Court of Appeals and dismiss the petition for judicial review.

The decision of the Court of Appeals is vacated, and the petition for judicial review is dismissed.

---

*Northwest Ins. Corp.*, 193 Or App 238, 89 P3d 1215 (2004), in which it agreed with the board's interpretation of ORS 656.278.

[2] We express no view as to whether avenues other than appeal (for example, a declaratory judgment proceeding under ORS 28.020 or a petition for a writ of mandamus under ORS 34.110) might be available to a claimant in this or another case to determine whether the board properly interprets and applies the authority that ORS 656.278 grants. Moreover, because claimant's arguments here are exclusively statutory, we do not address either the constitutional permissibility of leaving a dispositive statutory ruling by an agency unreviewable or the more general issue of the legislature's authority to bar judicial review of constitutional challenges to government action.