Submitted on remand from the Oregon Supreme Court September 21, 2005, affirmed June 14, petition for review allowed October 19, 2006 (341 Or 548)

In the Matter of the Compensation of
James W. Jordan, Claimant.

James W. JORDAN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

00-0051M; A116152

136 P3d 1156

Donald M. Hooton for petitioner.

Alice M. Bartelt for respondent.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

**DEITS, J. pro tempore**

This case is before us on remand from the Oregon Supreme Court. In our previous opinion, we affirmed an "own-motion" order of the Workers' Compensation Board authorizing a suspension of claimant's temporary total disability benefits for a three-month period during which claimant had failed to attend a medical examination and participate in prescribed physical therapy. *Jordan v. SAIF*, 197 Or App 599, 106 P3d 663 (2005). Claimant filed a petition for review in the Supreme Court. While that petition was pending, the Supreme Court issued its opinion in *Dougan v. SAIF*, 339 Or 1, 115 P3d 242 (2005). The court then allowed review in this case, vacated our decision, and remanded this case to us for reconsideration in light of *Dougan*. *Jordan v. SAIF*, 339 Or 156, 119 P3d 224 (2005). On reconsideration, we again affirm the board's order.

In *Dougan*, the Supreme Court concluded that, on a claimant's petition for judicial review, the appellate courts have jurisdiction to review only those own-motion orders that diminish or terminate a former award. 339 Or at 3. That conclusion was based on ORS 656.278(4) (2003), *amended by* Or Laws 2005, chapter 188, section 2, which provides, in part, "The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award." In that case, the claimant had sought judicial review of an own-motion order that awarded temporary disability benefits but declined to award claimant permanent partial disability benefits. *Id.* Because that order did not diminish or terminate a former award, the Supreme Court concluded that the claimant had no right to "appeal" under ORS 656.278(4) (2003) and, accordingly, that the appellate courts lacked jurisdiction to consider claimant's petition for judicial review.

In this case, by contrast, claimant sought review of an own-motion order that "suspended" temporary total disability benefits that the board had authorized in its own-motion order reopening claimant's claim and that SAIF had, in fact, already paid to claimant.[1] Unlike in *Dougan*, in this

---

[1] Because SAIF had already paid the disputed benefits, the board allowed SAIF an offset against future temporary disability benefits.

case, the board had previously authorized particular benefits and, in the challenged order, "diminished" its former award by suspending those previously authorized benefits for a period of time. Because the challenged order "diminishe[d] * * * a former award," claimant had the right to seek judicial review of that order under ORS 656.278(4) (2003) and we had (and have) jurisdiction to consider his petition for judicial review.[2]

For the reasons expressed in our previous opinion, the board did not err. 197 Or App at 603-12. We hereby readopt the reasoning and disposition expressed in that opinion.

Affirmed.

---

[2] We note that the 2005 Legislative Assembly amended ORS 656.278(4) in a manner that affects appellate court jurisdiction in cases involving own-motion proceedings. The current version of ORS 656.278(4) provides:

"Pursuant to ORS 656.298, any party may appeal an order or award made by the board on its own motion."

The legislature indicated that the new version of the statute would apply to "all claims existing or arising on or after" January 1, 2006, but would not apply to "any matter for which an order ha[d] become final prior to" January 1, 2006. Or Laws 2005, ch 188, §§ 4(1), 4(2). Assuming that the amendment to ORS 656.278(4) would apply to this case, *see Volk v. America West Airlines,* 135 Or App 565, 572-73, 899 P2d 746 (1995) (statutory amendments accompanied by similar applicability wording applied to matters pending in, but not finally resolved by, the courts), we would also have jurisdiction under the current version of the statute, because this case involves the "appeal" of an order made by the board on its own motion, and that is all that the current version of the statute requires.